### ALEX. WOLDERT V. NEDDERHUT PACKING PROVISION COMPANY.

Delivered April 21, 1898.

#### 1. Attachment—Lien—Registration of Levy.

Failure of the sheriff to return a copy of a writ of attachment and the levy indorsed thereon to the county clerk for registration, as required by article 4669, Revised Statutes, does not affect the validity of the service as against the defendant, such registration being for the purpose of giving notice to third parties of the attachment lien.

#### 2 Same—Pleading—Foreign Corporation.

The omission of the original petition in an attachment suit by a foreign corporation to allege facts showing plaintiff's right to transact business and sue in the State may be supplied by amendment so as to support the attachment.

#### 3. Same—Certain Amount—Sale and Fraud.

The amount in suit in an action to recover the agreed price of meat sold by plaintiff to defendant, of which the latter fraudulently obtains possession, converting it to his own use before paying therefor, is not so uncertain that an attachment will not lie, where the tort is waived and the sale treated as complete.

#### 4. Same—Interest Recoverable.

Damages commensurate with legal interest may be allowed on the contract price of goods of which the purchaser fraudulently obtains possession before paying therefor.

#### 5. Same—Recovering Less Than Sued For.

That one sues for more than the facts developed on the trial established that he is entitled to recover, is no ground for quashing an attachment sued out by him.

#### 6. Same—Setting Aside Order of Quashal.

The court may properly set aside an order quashing an attachment at the term at which it was rendered when convinced that such order was erroneous.

#### 7. Same—Levy of Writ—Pointing Out Property.

The officer levying a writ of attachment is not required to call on defendant to point out property, and to levy on personal property before resorting to real estate, under the statute providing that an attachment shall be "levied in the same manner" as a writ of execution on similar property.

APPEAL from Smith. Tried below before Hon. J. G. RUSSELL.

*H. C. & Cone Johnson* and *T. O. Woldert,* for appellant.

*James M. Edwards,* for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—This action was commenced by appellee on the 23d day of December, 1896, against appellant to recover the agreed price of three carloads of meat sold by plaintiff to defendant during the month of October, 1896, and alleged to have been delivered to defendant on November 1, 1896. The original petition alleged that plaintiff was a corporation organized under the laws of Missouri, with domicile in St. Louis, and that defendant resided in Smith County, Texas; that at the dates specified plaintiff sold, shipped, and delivered to defendant the three carloads of meat; that the sales were made for cash, the defendant promising to pay the stipulated prices when drafts therefor were presented; that on the 26th and 27th days of October,

1896, three drafts were drawn by plaintiff on defendant, each for the price of one carload of meat, and each attached to a bill of lading issued by the carrier to plaintiff for such carload, and indorsed by plaintiff, which drafts with bills of lading attached were forwarded by plaintiff to a bank at Tyler, Texas, for collection; that the drafts were presented by the bank to defendant, November 1, 1896, for payment, and defendant failed and refused to pay either of them, but by collusion with the bank fraudulently obtained possession of the bills of lading detached from the drafts, and upon them, without the knowledge or consent of plaintiff, obtained possession of the meat and appropriated it to his own use. Upon these facts the petition charged that defendant became liable and promised to pay the sums alleged, with interest thereon at 6 per cent from the first day of November, 1896. The price of the meat, as alleged, amounted to $2614.79, but the petition admitted an indebtedness of plaintiff to defendant of $55 on other accounts, and allowed a deduction of that sum from the price of the carload first sold, and claimed a balance of $2559.79, with interest as stated. The date of the accrual of the credit was not stated, but the petition and the exhibit attached containing a statement of the sales and of the amounts claimed, show that the credit was deducted from the principal of the price of the first load of meat. The plaintiff at the time of instituting suit filed affidavit and bond, and sued out an attachment upon the ground that defendant was about to convert his property, or part thereof, into money for the purpose of placing it beyond the reach of his creditors, and was about to dispose of his property with intent to defraud his creditors. The affidavit stated the indebtedness absolutely at $2582.45. The writ was levied upon real estate in Smith County, and properly returned to the District Court; but no copy of writ and return were filed by the sheriff with the county clerk.

The defendant filed a motion to quash the attachment, which was sustained at the February term of the court, 1897, but on a subsequent day of the same term the order was set aside and the writ reinstated. The defendant also filed a plea under oath seeking to abate the levy. The grounds of the motion to quash and of the plea will appear in the course of the opinion. The defendant also filed an answer, the contents of which need not be stated.

The plaintiff amended its petition before final trial, alleging that, prior to any of the transactions alleged in its original petition, it had filed with the Secretary of State of Texas a copy of its articles of incorporation, and had procured from that officer a permit to transact its business in Texas; also that it was engaged in the transaction of interstate commerce, of which the sales to defendant were parts. The cause of action was set up as before, but more fully, except that the credit allowed was reduced to $50 and was alleged to have accrued to defendant prior to the sale.

The cause was submitted to a jury, the court instructing them to find a verdict for plaintiff for $2564.79, the principal sum claimed by the

amended petition, and further instructing them that they might allow interest at 6 per cent. Verdict allowed interest from the 1st day of January, 1897, and the attachment lien was foreclosed, the motions to quash the attachment and to abate the levy having been overruled. The evidence showed the sales of the meat, and the drawing of the drafts for the price, with bills of lading attached as alleged. It also showed, that when the bank at Tyler received the drafts its officer detached from them the bills of lading and delivered the latter to the defendant, in order that he might obtain possession of and realize upon the meat. This was in accordance with a course of dealing between the bank and defendant and some of its other customers in whom it had confidence, but was not authorized by plaintiff, and was contrary to the understanding with which the drafts were attached to the bills of lading.

Defendant collected the money for the meat from parties to whom he had contracted sales of it, and deposited the proceeds in the bank to his own credit, but in no way was this money applied either by him or the bank to the payment of the drafts. The understanding between defendant and the bank was, that the latter would remit money to pay the drafts, but this was never done, and on November 30, 1896, the bank failed and the drafts were returned unpaid to plaintiff. Defendant's account with the bank was then overdrawn.

Correspondence took place between plaintiff and defendant concerning payment, both before and after the failure of the bank, which we do not consider essential to a proper decision of the case, for which reason it is not stated.

*Opinion.*—1. The failure of the sheriff to return a copy of the attachment and the levy indorsed on same to the county clerk for registration, as provided by article 4669, Revised Statutes, did not affect the validity of the levy as against the defendant. That statute merely provides a method of giving notice to third parties of the attachment lien, and a compliance with it is no part of the levy. By its terms it recognizes the effect of the levy as creating a lien, and provides only a mode of giving notice thereof to others. The steps essential to the levy and the effect thereof are prescribed by articles 201, 2348, 213. Whether or not the filing and registration of the writ and levy are essential to give notice, even to third parties, where the land levied on is situated in the county where the suit is pending, is a question which is not before us. The decisions relied on by appellant were based on a statute which required the filing of the notice as an essential part of the levy itself. Wheaton v. Nevell, 19 Cal., 42; Main v. Tappenor, 43 Cal., 206; Machine Co. v. Whitney, 61 Mich., 518.

2. The omission of the original petition to allege facts entitling plaintiff to transact business and to sue in this State, if there was an omission, could, we think, be supplied by amendment as was done, and this will support the attachment. Tarkington v. Brousard, 51 Texas,

550. We need not determine whether or not the original petition was itself sufficient.

3. There was no uncertainty as to the amount claimed to be due, either in the petition or affidavit. The credit was admitted and deducted from the principal sum, and the case is therefore unlike those relied on. Besides, the affidavit stated positively the sum claimed without mentioning the credit.

4. The cause of action was not so uncertain as to amount that an attachment would not lie. It was based upon a contract and not upon a tort. It may be true that plaintiff could have sued to recover the property or damages for its conversion; but it is equally true that it could waive the tort committed and treat the sale as complete and sue for the contract price. The defendant, having agreed to pay the price for the goods, could not relieve himself from the obligation by pleading his own wrong in obtaining possession without payment. We do not understand appellant to contend that he could do so, or that his liability for the price was not a cantractual one. His position is that, as the action was not upon an open account, interest was not given by law, but was recoverable, if at all, only by way of damages to be allowed by the court or jury, and hence was uncertain and unliquidated. But as the cause of action was upon a contract which furnished a fixed and certain criterion by which the amount claimed to be due could be fixed and sworn to, the objection fails.

Concede that the account was one which did not bear interest eo nomine, yet its amount was fixed by contract, and damages commensurate with legal interest upon the contract price were recoverable. The amount of such damages as might be recovered was not, therefore, uncertain. Were we to concede, which we do not, that such damages might properly be denied by a jury, we could not admit the conclusion that the claim for them could not be made the basis of attachment. Since they arose out of contract and were certain in amount, none of the objections arising in actions ex delicto, or in actions ex contractu, where the amount of the damages can not be estimated by a fixed standard, have application. Bank v. Fuchs, 89 Texas, 197; Stiff v. Fisher, 2 Texas Civ. App., 346.

5. The interest was recoverable from the date when the money should have been paid, and not from the 1st of January following. But if it be true that plaintiff sued for more than the facts shown at the trial established his right to recover, this would be no ground for quashing the attachment.

6. It was proper for the court, when convinced of its error in quashing the attachment, to set aside its order doing so at the same term at which it was rendered, or even when final judgment was rendered.

7. There was no error in the refusal to vacate the levy. It was grounded upon the assumption of law, that the officer, before levying this writ, was required to call upon defendant to point out property, and to levy upon personal property before resorting to real estate. As we

do not agree to this proposition, it is unnecessary to state the facts set forth in the motion. The statute provides that "an attachment shall be levied in the same manner as is or may be the writ of execution upon similar property."

The calling upon the defendant for a levy is no part of the act of levying. That is done, in levies on real estate, by making the indorsement on the writ. In the statute regulating executions many provisions are found prescribing the modes of levying upon various kinds of property, and the language above quoted, "as is or may be the writ of execution upon similar property," plainly shows that it is these directions which are referred to. There is no provision which makes applicable in attachment proceedings those preliminary steps which are required to be taken before levying an execution. The difference between the two writs and the states of fact under which they are usually resorted to, may suggest reasons why the Legislature left the law as it is.

8. Other assignments of error complain of the action of the court in admitting evidence, in instructing a verdict, and in refusing special instructions. We may dispose of them all by saying that the conceded facts show plaintiff's right to recover as it did, and presented no defense whatever. The judgment is affirmed.

<em>Affirmed.</em>

Writ of error refused.