# JUNE, 1913

PECOS & NORTHERN TEXAS RAILWAY COMPANY ET AL. v. C. B. COX.

No. 2550. Decided June 4, 1913.

**1.—Foreign Corporation—Service on Agent—Judgment.**

Service of citation in this State upon an agent of a foreign corporation must be upon some one authorized to represent the corporation in the transaction of its business done or to be done in the State. (Pp. 76, 77.)

**2.—Same—Denial of Agency—Presumption—Burden of Proof.**

Service of citation against a railway corporation of another State being made on one as its agent in Texas, and the person served denying by affidavit filed that he was such agent, the defendant not answering, the trial court, before proceeding to judgment against such defendant, should require proof of the agency of the person so served. There was no presumption of such agency. (Pp. 76, 77.)

**3.—Railways—Connecting Lines—Partnership—Harmless Error.**

Connecting lines of railway being jointly sued under allegation of partnership, which was denied by sworn plea, it was error to submit the issue as to their partnership in the absence of proof of such fact. But the error was immaterial where the judgment against them was based, not on a finding that they were partners, but on a verdict finding the connecting lines to be an entirety, constituting but one consolidated line. (P. 77.)

**4.—Railways—Connecting Lines—Common Ownership—Joint Operation.**

Evidence as to through operation of cars or trains over connecting lines considered, and held not to tend to establish joint ownership of all the lines or ownership and control of the lines in Texas by one of them, a corporation of another State, such as would hold the non-resident by service on the agent of the local company. (Pp. 77-79.)

**5.—Same—Case Followed.**

Peterson v. Chicago, R. I. & P. Ry. Co., 205 U. S., 364, followed as being of superior authority, and overruling, in effect, the decision in Chicago, R. I. & P. Ry. Co. v. Buie, 95 Texas, 51. (P. 78.)

**6.—Railways—Connecting Lines—Joint Operation.**

Evidence considered and held insufficient to show that connecting lines of railway were of common ownership or corporate control, rendering each liable for losses occurring on the other in an interstate shipment over both. (P. 78.)

**7.—Interstate Commerce—Connecting Lines.**

Where suit against connecting railways was brought for losses on various shipments, some State and others interstate, under contracts limiting the liability of each to its own line, a Texas road, not the initial carrier, could not be held liable for losses occurring on another line; nor could judgment for the entire loss be entered against the initial carrier. (Pp. 78, 79.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Hale County.

Cox sued the three defendant railway companies and had verdict and

judgment for recovery against them jointly. Defendants appealed, and on affirmance obtained writ of error.

*Terry, Cavin & Mills,* for plaintiffs in error. *Roscoe Wilson* also for plaintiff in error Atchison, Topeka & Santa Fe Railway Co. *E. Graham* and *Madden, Truelove & Kimbrough,* also for plaintiffs in error Pecos & Northern Texas Railway Company and Southern Kansas Railway Company.—It was error for the court to submit this cause to the jury as against defendant the Atchison, Topeka & Santa Fe without making preliminary investigation or determining or ruling as to whether or not said defendant had been legally served. G., H. & S. A. Ry. Co. v. Gage, 63 Texas, 572; Jones v. City of Jefferson, 66 Texas, 576; El Paso & S. W. Ry. Co. v. Kelley, 83 S. W., 859.

It was error prejudicial to defendant Atchison Company for the court to instruct the jury "that if they believed from the evidence that the defendant the Pecos & Northern Texas Railway Company and the Southern Kansas Railway Company of Texas were the agents or sub-corporations of this defendant, they might find against this defendant" and in overruling said defendant's amended motion for a new trial upon this ground. Rev. Stats., art. 1223; Peterson v. C., R. I. & P. Ry. Co., 205 U. S., 364.

In an interstate shipment under contract limiting the liability of each carrier handling the shipment to its own line, one carrier can not be held liable for the negligence and delay of its connecting carrier. T. & P. Ry. Co. v. J. Weisman & Co., 105 S. W., 45; T. & P. Ry. Co. v. Byers Bros., 73 S. W., 427; G., C. & S. F. Ry. Co. v. Kimble, 109 S. W., 234.

The court erred in giving the charge complained of, because the evidence was insufficient to justify the submission of the question as to whether the Pecos & Northern Texas and the Southern Kansas Railway Companies were but sub-corporations and agents of the Atchison, Topeka & Santa Fe Railway Company.

*R. R. Hazelwood, A. A. Lumpkin,* and *Samuel R. Merrill,* for defendant in error.—Where a foreign railway corporation does business in Texas, through the agency of a Texas corporation, which is merely a sub-corporation, agent and part of such foreign corporation, the agents and servants of the sub-corporation are in law the agents and servants of the foreign corporation upon whom service of process may be obtained. Buie v. C., R. I. & P. Ry. Co., 95 Texas, 51; St. Louis & S. F. Ry. Co. v. Sizemore, 116 S. W., 403; So. Kan. Ry. Co. v. Crump, 32 Texas Civ. App., 222, 74 S. W., 336; Gulf, C. & S. F. Ry. Co. v. Nelson, 139 S. W., 92; St. Louis & S. F. Ry. Co. v. Arms, 136 S. W., 1166; St. Louis & S. F. Ry. Co. v. Casselberry, 139 S. W., 1161; St. Louis & S. F. Ry. Co. v. Kiser, 136 S. W., 854; M., K. & T. Ry. Co. v. Demere, 145 S. W., 623; M., K. & T. Ry. Co. v. Goodrich, 149 S. W., 1176.

It was discretionary with the court whether he submit the issue as to

whether T. W. White was the agent, in Potter County, of the Atchison, Topeka & Santa Fe Railway Company before he went into the trial of the case on its merits, or submit the issue to the jury with the main case. Olsen v. California Ins. Co., 11 Texas Civ. App., 371, 32 S. W., 446.

It was averred in plaintiff's petition that the three defendants constituted an entirety; that the Pecos & Northern Texas Railway Company and the Southern Kansas Railway Company of Texas were sub-corporations and agents of the defendant the Atchison, Topeka & Santa Fe Railway Company. This issue was submitted to the jury and they found that it was true, therefore a joint and several judgment against each and all of them was proper. Atchison, T. & S. F. Ry. Co. v. Bivins, 136 S. W., 1180.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

The defendant in error having filed an answer to the application for writ of error, and this court having decided to grant the writ of error, we will finally dispose of the case.

C. B. Cox sued the Pecos & Northern Texas Railway Company and the Southern Kansas Railway Company of Texas, both incorporated under the laws of this State and operated within the State, also the Atchison, Topeka & Santa Fe Railway Company, incorporated in Kansas and operated outside of this State but running trains to Amarillo, Texas.

The object of the suit was to recover damages to cattle shipped from Plainview, in Hale County, Texas, to different points in Kansas and to Kansas City, Missouri, for which through bills of lading were issued by the Pecos & Northern Texas Railway Company, the cattle to be conveyed and transported over each of the three railroads named to their several destinations.

It is alleged in substance that in fact the three corporations constitute one company and constitute an "entirety" with their principal offices in the City of Amarillo, Potter County, Texas. It is also alleged that the said corporations constitute a partnership in the operation of the different railroads.

Service was had upon the Texas corporations, which answered, each of which denied the partnership under oath. Service was made on T. W. White at Amarillo, Texas, as the agent of the Atchison, Topeka & Santa Fe Railway Company. White, as *amicus curiae*, filed an affidavit that he was not the agent of the Santa Fe Railway Company, and that company did not answer nor make any kind of appearance. The District Court took no steps to ascertain whether or not White was the agent of the Santa Fe Company, but submitted the case against it as if it had been served. The jury returned a joint verdict against all of the defendants. The defendants prosecuted an appeal to the Court of Civil Appeals of the Fourth District which affirmed the judgment.

It is not claimed that there was any evidence tending to prove that White was agent of the Santa Fe Company, therefore the service on him did not give the State court jurisdiction of the foreign corporation. Such service, if upon an agent, must be made upon someone authorized

to represent the corporation in the transaction of its business done or to be done in the State.' Peterson v. Chicago, Rock Island & Pacific Ry. Co., 205 U. S., 364, 27 Sup. Ct., 513, 51 L. Ed., 841; Green v. Chicago & Burlington Ry. Co., 205 U. S., 531, 27 Sup. Ct., 595, 51 L. Ed., 916. Upon facts much more significant than in this case it was held in the first case cited that the service upon one engaged in transacting business which finally reached that company was not sufficient.

Before proceeding against the Santa Fe Company the District Court should have required proof of White's agency. There was no presumption of such agency. Galveston, H. & S. A. Ry. Co. v. Gage, 63 Texas, 568; Jones v. City of Jefferson, 66 Texas, 576, 1 S. W., 903. In the Gage case the court said: "And we are of the opinion that in all cases in which service is made on a person represented to be the agent of a corporation, the return should not be held conclusive of the fact that the person served was in fact the local agent, and that this fact may be put in issue by a sworn plea."

The plaintiff's petition charged that the three railroad companies formed a co-partnership, therefore claimed that judgment should be entered against all.

The Southern Kansas Railway Company of Texas having filed a plea under oath, denying the partnership, and there being no proof of the partnership, the issue should not have been submitted to the jury; but the form of the verdict shows that the finding was not on the issue of partnership, but that the three roads constituted an "entirety," hence the error of submitting the issue of partnership is immaterial. The judgment can not be sustained against the Santa Fe Company unless the claim that the three roads were consolidated into one line of road was proved, therefore service on one was effective as to all.

The Honorable Court of Civil Appeals made no statement of the facts which established the consolidation of the lines. The attorneys for defendant in error have given no aid on this point and we have been left to wade through a tangled, and often incoherent, mass of statements for evidence upon this very important point.

. The charge of the court as to joint liability of all defendants reads: "If you find for the plaintiff, and further find that the defendants, the Atchison, Topeka & Santa Fe Railway Company, the Southern Kansas Railway Company of Texas and the Pecos & Northern Texas Railway Company, are an entirety and constitute but a single line of railway and that the parts of said line of railway extending from Higgins to Amarillo and the part extending from Amarillo to Plainview are operated by the Atchison, Topeka & Santa Fe Railway Company and are but sub-corporations and agents of the Atchison, Topeka & Santa Fe Railway Company, then the form of your verdict will be: 'We, the jury, find for the plaintiff against the defendants, the Atchison, Topeka & Santa Fe Railway Company, the Southern Kansas Railway Company of Texas, and the Pecos & Northern Texas Railway Company in the sum of $5509.56, and apportion the same as follows:' " The jury returned the following verdict: "We, the jury, find for the plaintiff against the

defendants, the Atchison, Topeka & Santa Fe Railway Company, the Southern Kansas Railway Company of Texas, and the Pecos & Northern Texas Railway Company in the sum of $5509.56, and apportion the same as follows: $1646.10 on account of the cattle shipped to Kansas City, $1040 on account of the cattle shipped to Toronto, $2735.46 on account of the cattle shipped to Hamilton, and $88 on account of the cattle shipped to Higgins."

Assuming that in using the word "entirety" the judge intended to submit the issue of the common ownership or joint operation of all three lines as one, or that the Santa Fe owned or operated the other two, the evidence is not sufficient to establish such relation between the companies. The evidence shows that the Santa Fe ran trains to Amarillo, in Texas, and that cars loaded at Plainview were carried to Higgins by the other companies and thence by the Santa Fe to points on its line in other States, but these facts do not tend to establish joint ownership of all of the lines or the ownership or control of the lines in Texas by the Santa Fe. Peterson v. Chicago, R. I. & P. Ry. Co., 205 U. S., 364, 27 Sup. Ct., 513, 51 L. Ed., 841. The case cited was based upon much stronger facts than the case under consideration. The Honorable Court of Civil Appeals rested its decision upon a case decided by this court, Buie v. Chicago, R. I. & P. C. Ry. Co., 95 Texas, 51, 65 S. W., 27, 55 L. R. A., 861. That case was decided upon practically the same facts as the Peterson case. The Supreme Court of the United States did not mention the Buie case in the Peterson case, but the effect of the decision in the latter case is to overrule the other. Upon that class of questions the authority of the Supreme Court of the United States is superior and this court acknowledges the decision in the Peterson case as the law and will follow and enforce it. We hold that there was not sufficient evidence to support the claim of "entirety" or the existence of such partnership as made the service on an agent of the Texas companies legal notice to the Santa Fe. We therefore conclude that the judgment against the Santa Fe must be reversed and the cause remanded as to that company, because it is a foreign corporation and the evidence does not show that it is domiciled in or doing business in this State, as defined by the decision of the Supreme Court of the United States in the case cited above.

As to the Texas corporations the joint liability seems to depend upon the issue of "entirety," which was submitted, but no evidence has been pointed out, nor have we been able to discover any in the record that tends to prove more than that they are connecting lines over which trains pass with freight and passengers. The verdict of the jury entitles the plaintiff to judgment for $5509.56, but he has no right to judgment for any sum against the Southern Kansas Railway Company of Texas, because the verdict shows damages to have occurred on shipments beyond its line, and it was not the initial carrier, therefore not liable except for such damages as occurred on that line, which was not ascertained by the verdict.

We understand that Higgins is in Texas and a portion of the cattle

were shipped to that place, hence, all of the shipments not being interstate, judgment can not be entered for the whole sum against the initial carrier. The best solution of the matter is to reverse the judgments of the District Court and Court of Civil Appeals and remand the case to the District Court for trial, and it is so ordered. It is ordered that the plaintiffs in error recover from the defendant in error all costs of this court and of the Court of Civil Appeals.

*Reversed and remanded.*