NEVILLE v. MILLER et al.  (No. 672.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 21, 1914.)

1. APPEAL AND ERROR (§ 655*)—MOTION TO STRIKE EXCEPTIONS—TIME.
   Where the transcript was filed May 11th, the 30 days after filing the transcript allowed for motions by rule 8 for Courts of Civil Appeals (142 S. W. xi), excluding the day on which the transcript was filed, expired June 10th, and a motion to strike a bill of exceptions filed June 11th was too late to be considered.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2823–2825; Dec. Dig. § 655.*]

2. APPEAL AND ERROR (§ 669*)—BILL OF EXCEPTIONS — IMPEACHMENT — AMENDMENT IN LOWER COURT.
   Where the trial judge is misled by appellant's attorney into signing a bill of exceptions, the bill incorporated into the record cannot be impeached by the judge's affidavit that he was misled, but, the proper proceeding is to have the record corrected in the trial court.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2864; Dec. Dig. § 669.*]

3. APPEAL AND ERROR (§ 648*)—BILL OF EXCEPTIONS — AMENDMENT IN TRIAL COURT — PENDING APPEAL.
   The district court has jurisdiction to correct the record, notwithstanding an appeal has been perfected and the transcript filed in the Court of Civil Appeals.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2803–2806; Dec. Dig. § 648.*]

4. APPEAL AND ERROR (§ 649*)—BILL OF EXCEPTIONS—MOTION TO STRIKE—VACATION.
   The district court in vacation may entertain a motion to strike out a bill of exceptions.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2807–2811; Dec. Dig. § 649.*]

5. APPEAL AND ERROR (§ 938*)—PRESUMPTION —STRIKING BILL OF EXCEPTIONS—APPEAL.
   Order of the trial court striking out appellant's bill of exceptions filed within the time allowed, and substituting a bill prepared and offered by appellee, made when attorneys for both parties were present and in order to make the record speak the truth, if erroneous, should be directly appealed from, and the objection of appellant's attorney at the time brought up by affidavit aliunde the record could not be considered in the nature of an appeal, and in the

absence of an appeal the court would assume that the order was properly made.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3795–3803; Dec. Dig. § 938.*]

6. APPEAL AND ERROR (§ 274*)—SUFFICIENCY OF EXCEPTIONS—EXCLUDING EVIDENCE AND MATERIALITY.
   In an action against a sheriff and his bondsmen for failure to record an attachment and the return thereon, whereby plaintiff lost his debt and costs, a substituted bill of exception to the exclusion of the writ of attachment and the amended return, which did not show the original return or the amendment, or the property attached, nor contain any copy of the writ and amended return, nor any order authorizing the amendment, was insufficient, because not disclosing what the excluded testimony was and that it was material, since it could not be determined whether the attachment created a lien; and hence the exception would not be considered.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1591, 1592, 1605, 1606, 1624, 1631–1645; Dec. Dig. § 274.*]

7. APPEAL AND ERROR (§ 1057*)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.
   In such action, the defendant's admission, if any, of the issuance and the levy of the attachment on the property alleged, rendered the exclusion of the attachment and the levy by virtue thereof immaterial and harmless.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4194–4199, 4205; Dec. Dig. § 1057.*]

8. APPEAL AND ERROR (§ 719*)—REVERSAL— FUNDAMENTAL ERROR.
   Error, if any, in instructing a verdict for defendant when the admitted and proven facts entitled plaintiff to a judgment, was fundamental error, as to which no assignment of error is needed.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. § 719.*]

9. PLEADING (§ 376*)—ANSWER—ADMISSION.
   In an action against a sheriff and his bondsmen for failure to record an attachment lien, an answer, alleging that defendant received the writ of attachment and upon a certain day levied upon the land described in the plaintiff's petition, was an admission dispensing with plaintiff's proof of the attachment and the return thereon.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1225–1227; Dec. Dig. § 376.*]

10. SHERIFFS AND CONSTABLES (§ 138*)—ACTION FOR FAILURE TO RECORD ATTACHMENT LIEN—BURDEN OF PROOF.
   In an action against a sheriff and his bondsmen for failure to record an attachment lien, issued in an action by plaintiff against one S., the plaintiff had the burden of showing that he lost his lien thereby, and that had the proper record been made he would have secured a right superior to that of a purchaser from S., and that he had not been paid, or that his debt could not be collected, with evidence as to the value of the land attached, and that he had no actual notice of the conveyance by S. prior to the attachment.
   [Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 290–296; Dec. Dig. § 138.*]

11. SHERIFFS AND CONSTABLES (§ 130*)—LIABILITY—FAILURE TO RECORD ATTACHMENT LIEN.
   In such action, plaintiff, if at the time he caused the levy and attachment to be made he had actual notice of its prior conveyance by the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

defendant therein, could not recover damages for the sheriff's failure to perpetuate the lien by having it recorded.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 267–271; Dec. Dig. § 130.*]

12. ATTACHMENT (§ 180*)—SUBSEQUENT RECORD OF DEED—EFFECT—STATUTES.

Under Rev. St. 1911, art. 267, declaring a writ of attachment to create a lien, it is the levy of the attachment that gives the lien from the date thereof, and a failure to record the attachment does not destroy the lien; and a prior purchaser from the defendant in the attachment suit, merely by recording his deed after the attachment, would not affect the respective rights of the parties.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 453, 550–575; Dec. Dig. § 180.*]

Appeal from Hartley County Court; R. B. Elkin, Judge.

Action by B. F. Neville against J. N. Miller and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Jno. W. Veale, of Amarillo, J. S. Bailey, of Dalhart, and Durell Miller, of Channing, for appellant. W. B. Chauncey, of Wichita Falls, and Tatum & Tatum, of Dalhart, for appellees.

HUFF, C. J. This is an action brought by the appellant, Neville, against the appellee J. N. Miller, sheriff of Hartley county and his official bondsmen, for the sum of $369.60, and $11.65 costs, in a certain suit, which sums were sought to be recovered as damages. Appellant alleges: That on the 29th day of June, 1912, he instituted suit in the county court of Dallam county, against G. M. Sharr, for a debt, and at that time sued out a writ of attachment directed to the sheriff or any constable of Hartley county, Tex. The number of the cause on the Dallam county docket was 331. That the attachment was placed in the hands of appellee J. N. Miller, as sheriff of Hartley county, and that the same was levied on certain land in that county, describing the land, as the property of G. M. Sharr, and that the sheriff failed to make a copy of the attachment together with the return thereon and file with the county clerk of Hartley county, to be recorded in the attachment lien records of that county. That after the levy of the attachment aforesaid on the 25th day of July, one C. S. Davis filed for record in the county clerk's office of Hartley county a deed to the land in question for record, which was recorded on the 31st day of July, in the deed records of that county. That the deed from Sharr to Davis was dated the 27th day of May, 1912. The appellant alleges and claims that by reason of the failure to so record the attachment lien there was no sale under a foreclosure proceeding for the land that he has lost his debt, interest, and the costs of that suit. Appellees answered this petition, which will not

now be set out in detail, but some portions of it noticed later on.

The appellees in this case present their motion to strike out bill of exception No. 1, because: (1) The bill does not set out the documentary evidence which the trial court excluded, and it has not informed the court as to what evidence was offered, etc.; and (2) it does not properly belong in the transcript for the reason that it was withdrawn by the trial court and does not state the action taken by the trial court. This case was tried in the county court of Hartley county, February 2, 1914; the term of that court ending February 16, 1914. Bill of exception No. 1 shows that:

"The plaintiff offered in evidence a certain writ of attachment issued out of the county court of Dallam county, Tex., together with the return and amendment of the return thereon, said writ being issued June 29, 1912, in cause No. 331, on the civil docket of the county court of Dallam county, Tex., styled B. F. Neville v. G. M. Sharr, directed to the sheriff or any constable of Hartley county, Tex., and the return and amendment of the return thereon being made by J. N. Miller, defendant herein, sheriff of Hartley county, Tex., under the direction of the county judge of Dallam county, Tex."

The objection urged and sustained by the trial court as set out in this bill is:

"That the amendment to said return was dated February 5, 1913, long after the land attached under said writ had passed out of the hands of the said G. M. Sharr, and a writ of attachment was excluded from evidence."

This bill appears to have been approved the 6th day of February, 1914. On the 5th day of February, 1914, the motion for new trial was overruled and notice of appeal was given. On the 13th day of March, 1914, the county judge, who presided at the trial, made an order granting 60 days from adjournment of the February term of court in which B. F. Neville should have "to file his statement of facts and assignments of error," reciting therein that on the 4th day of February, 1914, appellant was granted 60 days, which was entered on the judge's trial docket but never "reduced to writing in a separate order."

The court on April 3, 1914, prepared and filed what is designated in the record as "bill No. 2," reciting in the body of the bill the offer in evidence of the writ of attachment, the return, and amendment thereon substantially as did bill No. 1, and contains a further statement:

"And said amended return being made on February 5, 1913, and at the time," etc. "The objections therein recited are: (1) Because the original return of the officer on said writ of attachment recited that said writ came to hand the 6th day of July, A. D. 1912, and was executed on the 1st day of July, A. D. 1912, and that * * * such return shows an impossible date of levy. (2) The amended return dated February 5, 1913, was made by order of the county court of Dallam county that there was no certified copy of the order offered in evidence and it was not shown that it was made in open court and prior to the judgment in cause No.

---

331, in that court; and that the land levied on was conveyed prior to the issuance of the writ but recorded after the writ was issued and long prior to that date on which the original return was amended. (3) Because the return failed to point out and identify the land attempted to be levied upon, which objection No. 1 the court sustained, to which ruling plaintiff excepted."

Appended to this bill the judge made a statement that the attorneys could not agree upon a bill of exceptions, the return thereon, and the order for the amendment, and that he prepared and filed the above bill, "as a true statement of facts therein, and I have this day withdrawn the bill of exceptions heretofore filed in this case on the 6th day of February, A. D. 1914, and hereby substitute the above bill of exceptions for said former bill of exceptions and hereby approve the above bill." The appellant controverts the motion to strike out the bill of exception No. 1 and appends thereto the affidavit of the county judge trying the case, which is to the effect that counsel for plaintiff and defendant failed to agree upon a bill, and on that plaintiff prepared bill No. 1, which he (the judge) signed and filed "within the 20 days allowed by law." After approving the first bill, on April 3, 1914, counsel for defendant prepared what he said was a bill showing the exact status of the facts as they occurred, and persuaded him to allow same and strike out bill No. 1, which he did and withdrew it, and approved and ordered filed bill No. 2. Counsel J. S. Bailey, for plaintiff, was not present at the time bill No. 2 was approved and filed, but counsel Durell Miller, for plaintiff, was present and protested that bill No. 1 should not be stricken from the record, and that bill No. 2 should not be filed, but that he (the judge) disregarded the protest.

[1] The appellant excepts to the consideration of the motion at this time, because not placed upon the motion docket within 30 days after the filing of the transcript in this court, in accordance with rule No. 8 (142 S. W. xi). The transcript was filed May 11, 1914, and the motion filed June 11, 1914. Excluding the day on which the transcript was filed, 30 days after that day fell on June 10th. Burr v. Lewis, 6 Tex. 76; Lubbock v. Cook, 49 Tex. 96. The motion was not filed within 30 days, and it is too late and cannot be considered under rule 8 for this court; but, as the issue presents a question of practice, we deem it advisable to call attention to the rule established by the courts of this state in preparing bills of exception under circumstances similar to the method adopted in this case.

[2] In the case of Railway Co. v. Elliott, 148 S. W. 1125, the court there held, where the judge of the trial court made an affidavit to the effect that he was misled by appellant's attorney into signing the bill and that the bill incorporated into the record could not be impeached in that way, "but that

the proper proceeding would have been to have the record corrected in the trial court."

In Stark v. Harris, 106 S. W. 887, cited by appellant, it is said:

"Undoubtedly the district court had the right to correct the altered bills of exceptions, and cause them to speak the truth; but it did not have the authority to strike the bills of exception from the record, in the absence of fraud or sharp practice having been used in procuring their approval, simply on the ground that they had been altered after being signed."

[3] And in that case the Court of Civil Appeals considered the bill of exceptions or such part of the bill as they found had not been interpolated. The Supreme Court, however, upon writ of error, reversed the Court of Civil Appeals, Harris v. Stark, 101 Tex. 587, 110 S. W. 737, holding:

"It does not require the citation of authority to sustain the proposition that the district court had jurisdiction to correct the record of this case as made in that court, notwithstanding the appeal had been perfected and the transcript filed in the Court of Civil Appeals."

From the report of the case it appears a motion was made to strike out the bill of exceptions presented to the district court. One of the grounds alleged therefor in a motion to strike out was because it had been altered by blotting out and striking out a great deal of other matter set out in the motion filed by appellee's attorney and served on appellant's attorney. The Supreme Court further said in that case:

"No appeal or writ of error was taken from the order of the trial court, nor was there any resistance offered by the appellant or his attorney to such action of the court. * * * The judgment of the trial court was conclusive upon the Court of Civil Appeals except upon appeal or writ of error"—citing Wichita Valley Railway Co. v. Peery, 88 Tex. 378, 31 S. W. 619.

In the case of Railway Co. v. Culberson, 72 Tex. 375, 10 S. W. 706, 3 L. R. A. 567, 13 Am. St. Rep. 805, the Supreme Court said:

"The trial court has the power, in a proper proceeding, and upon proper proof, so to amend its records as to make them speak the truth, even after the jurisdiction has attached in the appellate court."

[4] In the case of Ford v. Liner, 24 Tex. Civ. App. 353, 59 S. W. 943, cited by the appellant, the court there held the district court could not entertain a motion in vacation to strike out a bill of exceptions. This case does not appear to be supported by the authorities but, as we understand the question, is in conflict with the holding of the Supreme Court. Boggess v. Harris, 90 Tex. 476, 39 S. W. 565; Willis v. Smith, 90 Tex. 635, 40 S. W. 401; Ennis v. Wathen, 93 Tex. 622, 57 S. W. 946; Johnston v. Arrendale, 71 S. W. 44.

[5] In the absence of a direct appeal from the order directing the bill of exceptions No. 2 to be considered as part of the record, we are authorized to presume that the order was properly made. Railway Co. v. Cox, 105 Tex. 40, 143 S. W. 606, 157 S. W. 745. Under the statute, the court had granted 60 days in

which to file statements of fact and assignments of error at the request of appellant. The first bill approved was filed during the term of the court, and the other some time after adjournment, April 3, 1914. It appears at the time the last bill was prepared attorneys for both parties were present before the trial court. If the order then entered by the court was erroneous and should not have been made, that order should, under the holdings of the Supreme Court, have been appealed from. We have no right to disregard it upon an affidavit in this court impeaching it; it does not affect the jurisdiction of this court. We should presume, in the absence of a direct attack by appellee therefrom, that the court prepared a correct bill of exceptions and made the proper order substituting it for the one theretofore approved. The trial court had the right to have the record speak the truth, and the actual objections urged and ruled upon presented in the bill. If there was an error in the first bill in stating the proceedings, then before him, he had the right to correct it; that he did so by an order and substituted bill we believe we should presume was properly done when there is no appeal therefrom. The objection of the attorney, at the time, cannot be considered by us as in the nature of an appeal. It is not brought up in the record in this court, but by an affidavit aliunde the record, and in the absence of evidence impeaching the order of the court, properly brought up in the record, we believe we should presume the facts warranted the action of the court.

[6] The appellant's first and only assignment of error is to the action of the court in sustaining objections to the admission of the writ of attachment, the return, and the amendment thereof, for the reason that the writ shows to be regularly issued, levied, and returned, and was relevant and material, going to sustain plaintiff's cause of action, and was indispensable to plaintiff's cause of action. The assignment purports to set out a literal copy of the writ, the return and amended return thereon, and what purports to be an order of the county court of Dallam county, authorizing the amendment of the return. The statement under this assignment simply sets out bill No. 1, hereinbefore quoted. The appellee objects to the consideration of this bill. As seen from what has been said by us heretofore, the bill cannot be considered by us for the reason that the same was stricken out. In looking to the record we find bill No. 2, in which there are several other objections made to the testimony other than that quoted in bill No. 1. The objection sustained, as set out in bill No. 2, was objection No. 1, which is that the levy is shown to have been made on an impossible date. The judgment against Sharr in the county court of Dallam county shows to have been rendered February 6, 1913. The bill of exception prepared by the court and by him ordered substituted for the former bill shows the return was amended February 6, 1913, on the same day the judgment was rendered. Neither bill shows what the original return was or what the amendment was; neither bill shows upon what property it was levied; and we find nothing in the record except the judgment of foreclosure, which describes the property, except the pleadings. We find no order authorizing the amendment of return except what is stated in the assignment. The record does not otherwise contain a copy of the writ, return, and the amendment thereof. The assignment itself copies an affidavit of Miller as to what he had done, but does not appear to have been indorsed by him on the writ as an amendment of his return. Where the bill of exceptions does not disclose what the excluded testimony was and that it was material, it will not be considered. The bill must show the materiality of the evidence. The issue in this case was: Did the levy of the attachment create a lien on the land owned or claimed by appellee? Unless the return of the writ showed a levy on the land and that it was prior to the recordation of appellee's deed, the levy would be immaterial. We cannot tell from either of the bills just when the levy was made or upon what levied. It has been the rule of the courts of this state from the beginning that the bill should set out the evidence excluded and show its materiality. Beeman v. Jester, 62 Tex. 431; Pennington v. McQueen, 3 S. W. 315; Jones v. Cavasos, 29 Tex. 429. It is contended that because appellant alleged the levy on the land by virtue of an attachment we should therefore look to the pleadings. There is quite a difference in allegation and proof. Because simply it was alleged that the levy was made as shown by the return and amendment on the writ, it will not necessarily follow that the return on the writ offered in evidence showed the levy as alleged. We do not think we are authorized to presume that such return proved the allegation. The case of Fox v. Sturm, 21 Tex. 407, cited by appellant, is clearly distinguishable and is not in point on this question.

[7] The appellant, by proposition 2, asserts that he alleged the issuance of the attachment, the levy, return, and amendment thereof, and that appellee admitted the issuance and the levy thereof on the property in question, and that the lack of descriptive matter in the bill is unnecessary. If this is true, then the exclusion of the attachment and levy by virtue thereof was immaterial and harmless, as the fact sought to be proven thereby was admitted and did not require proof. This is true whether the act of the 33d Legislature, chapter 127 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1827–1829, 1902, 1829a, and 1829b), applies or not. The rule has been and is now that that which is admitted is not necessary to prove. Ogden v. Bosse,

86 Tex. 344, 24 S. W. 798; Ry. Co. v. De Walt, 96 Tex. 121, 70 S. W. 537, 97 Am. St. Rep. 877.

[8, 9] There is no assignment that upon the admitted and proven facts appellant was entitled to a judgment and that the court committed error in instructing a verdict for the appellee. If the court was in error in so instructing a verdict, it is fundamental. This proposition appellant has not seen proper to suggest or to brief. We believe that appellee's admission in the answer dispensed with the proof of the attachment and the return thereon. The issuance of the attachment, levy on the land, and the amendment of the return was alleged by appellant in the fourth and sixth paragraphs of the original petition, charging that the sheriff, appellee, so levied it.

In the seventh paragraph of the answer it is alleged that:

"Defendants further say that defendant Miller received the writ of attachment, and that upon the 6th day of July, 1912, levied upon the land described in plaintiff's petition."

This certainly was all the attachment and return could have shown. It is otherwise shown that the sheriff did not file in the county court a copy of the attachment and the return for recordation as the statute requires in attachment liens. The appellant offered in evidence a judgment of the county court of Dallam county, No. 331, B. F. Neville v. G. M. Sharr, dated February 6, 1913, for the sum of $369.60; the entry simply reciting that the plaintiff therein caused to be issued on June 29, 1912, the writ of attachment to Hartley county, and which was executed by levying it July 6, 1912, upon the land in question, describing the land. The lien was not foreclosed or any decree directing the sale of the land to satisfy the judgment. It was shown that a copy of the attachment and return thereon, or the original issue out of the above cause, No. 331, was not recorded in the attachment lien records of Hartley county, where the land was situated. It was admitted by the parties to the suit that G. M. Sharr conveyed the land levied on as the property of Sharr, to C. S. Davis, on the 27th day of May, 1912, and that the deed was filed for record in the county clerk's office of Hartley county, July 25, 1912, and recorded July 31, 1912. Davis testified to purchasing the land from Sharr, and that at the time of filing his deed he had no notice of the levy. This is substantially all the testimony introduced or offered.

[10, 11] We do not think if the attachment and return had been admitted that plaintiff was entitled to a verdict or judgment under the evidence. In the first place, it is not shown that appellant lost anything by the failure of the sheriff to cause the attachment lien to be recorded. It is not shown that appellant has not been paid, or that his debt could not be collected. There is no evidence as to the value of the land in question. Hurlock v. Reinhardt, 41 Tex. 580; Bernheim v. Shannon, 1 Tex. Civ. App. 395, 21 S. W. 386; Crews v. Taylor, 56 Tex. 461. If the appellant, at the time he caused the levy to be made, had actual notice of the conveyance of the land by Sharr to Davis, then, as to the sheriff, he could not recover damages for the failure to perpetuate the lien by having it recorded in the lien record. It is not shown whether appellant had actual notice. As between appellant and the sheriff, we think the burden was on the appellant to show he had no such notice in order to show that he in fact had lost a valuable right. In making this holding we do not wish to be understood as holding that as between appellant and Davis the burden would be on appellant to show he had no such notice, neither do we wish to be understood as holding as to creditors the same rule will apply as to the recordation of attachment lien, under article 6858, R. C. S., as has been applied by the Supreme Court, under article 6824, R. C. S. Barnett v. Squyres, 93 Tex. 193, 54 S. W. 241, 77 Am. St. Rep. 854; Turner v. Cochran, 94 Tex. 480, 61 S. W. 923. On the question last suggested we make no holding at this time, as it is not involved in the proper disposition of this cause. If, however, the appellant had proved every allegation in the petition, he yet would have had no right of recovery, in our opinion. This being a suit for damages against a sheriff in failing to record the attachment lien, it became necessary to show that appellant lost his lien thereby and had the proper record been made he would thereby have secured a superior right over Davis, the vendee of Sharr.

[12] It is the levy of the attachment on the property that gives the lien from the date of its levy. Article 267, R. C. S. The failure to record the attachment does not destroy the lien, but "the attachment lien shall not be valid against subsequent purchasers for value without notice and subsequent lien holders in good faith." The failure to record the writ of attachment and return in the county where the land is situated will not affect the lien by virtue of the levy. Woldert v. Nedderhut, etc., 18 Tex. Civ. App. 602, 46 S. W. 378; Davis v. Farwell & Co., 49 S. W. 656. Davis in this case was not a subsequent purchaser, and the levy of the attachment between his purchase and the recordation of his deed would preclude him, if under the law the appellant could hold under the rule that his right attached before the recordation and if he can be treated as a lienholder in good faith or for value. In other words, the mere recordation of the deed by Davis would not defeat the right of appellant if he had already attached the land at that time. The recordation or the failure to record the deed subsequent to the levy would not affect the respective rights of the parties. Davis had not been caused

to lose anything by virtue of the sheriff's failure to require the attachment and the return recorded; he had prior thereto paid and parted with the consideration for the land to Sharr.

We find no reversible error, and the case will be affirmed.

Affirmed.