**LANCASTER et al. v. SMITH et al.**
**(No. 2342.)**

(Court of Civil Appeals of Texas. Texarkana.
Dec. 16, 1920.)

1. Carriers ⬤⟿177(4) — Terminal carrier not liable for shortage occurring before it received shipment.

A terminal carrier was not liable at common law for shortage in the quantity of oats in a car as stated in a diversion order issued by it on the original bill of lading, where the loss occurred before the car was delivered to it, and it is not made liable for such loss by any statute, whether the shipment was interstate or intrastate.

2. Judgment ⬤⟿256(1)—Finding held not to sustain judgment against carrier for decline in market price.

Where the trial court did not find the time of shipment on the line of the terminal carrier was unreasonable, and found only the amount of the decline in the market between the date of issuance of a diversion order by the carrier before the car was received from a connecting carrier and the delivery of goods, the findings do not support a judgment against the terminal carrier for any depreciation in the market value of the goods.

Appeal from Gregg County Court; E. M. Bramlette, Judge.

Suit by J. L. Smith and others against J. L. Lancaster and others, as receivers of the Texas & Pacific Railway Company, and the Missouri Pacific Railway Company. Judgment for the plaintiffs against the receivers, and judgment over in favor of the receivers against the defendant railway company, and the receivers appeal. Reversed and remanded for new trial.

Appellee Smith was the plaintiff in the court below. His suit was against appellants as the receivers of the Texas & Pacific Railway Company, and against appellee Missouri Pacific Railway Company. In their pleadings appellants asserted that if they were liable to appellee Smith the Missouri Pacific Railway Company was liable over to them, and they prayed accordingly. The trial was to the court without a jury, and he found the facts to be: On May 3, 1917, appellants, acting by their agent at Marshall, Tex., made and delivered to the Marshall Mill & Elevator Company an instrument in writing, called by witnesses a "diversion order," and frequently used and treated by appellants as an "exchange bill of lading," by which they acknowledged the receipt of an original bill of lading issued by the Missouri Pacific Railway Company at Larrabee, Iowa, April 16, 1917, covering Chicago, Burlington & Quincy car 105901, "consigned to Walker Grain Company at Marshall, Tex., notify Marshall Mill & Elevator Company," on said May, 1917, appellee Smith purchased said "diversion order" of said Marshall Mill & Elevator Company, paying 81 cents per bushel for the 64,736 pounds of oats supposed to be in the car it covered. Said Chicago, Burlington & Quincy car 105901 was never delivered to appellants; but on June, 1917, the Missouri Pacific Railway Company delivered to them at Texarkana, Chicago, Milwaukee & St. Paul car 500752 loaded with oats "supposed to have been transferred from Chicago, Burlington & Quincy car 105901." Said Chicago, Milwaukee & St.

Paul car 500752 was carried by appellants from Texarkana to Longview, where it was delivered to appellee Smith about June 13, 1917. When it was so delivered the car was "under the same seals and in the same condition" it was when appellants received it of the Missouri Pacific Railway Company at Texarkana, but it contained 9,836 pounds of oats less than the quantity appellee purchased of the Marshall Mill & Elevator Company and which said Chicago, Burlington & Quincy car 105901 was supposed to contain.

The trial was to the court without a jury, and on the facts stated he rendered judgment in appellee Smith's favor against appellants for $433.18, the amount the former sued for, and also rendered judgment in appellants' favor over against the Missouri Pacific Railway Company for "any and all sums they [appellants] may pay by virtue of this judgment." The appeal from the judgment is by said receivers alone.

Young & Stinchcomb and Riley Strickland, all of Longview, for appellants.

W. C. Hurst, of Longview, for appellees.

WILLSON, C. J. (after stating the facts as above).

The parties disagree as to whether the shipment was an interstate or intrastate one. In the view we take of the record it was of no importance whether it was the one or the other. For on the facts of the case we think the rights and liabilities of the parties must be determined with reference to the rules of the common law, whether it was an interstate or intrastate shipment.

[1] The trial court found that appellants received the Chicago, Milwaukee & St. Paul car 500752 of the Missouri Pacific Railway Company at Texarkana June 1, and transferred same to Longview, where it delivered the car to appellee June 13, 1917, "under," quoting, "the same seals and in the same conditions as received from the Missouri Pacific Railway Company." If they did that, and if the trial court meant by the finding, as in the light of the testimony he clearly did, that when appellants delivered the car to appellee it contained the quantity of oats it contained when they received it, appellants, in the absence, as was the case, of a valid contract or a statute changing their common-law liability, were not liable to appellee for the shortage in the quantity of the oats as determined by said court. For by the common law they were not liable for loss or damage to the shipment which did not occur on their own lines. 10 C. J. p. 544; Railway Co. v. Cox, 106 Tex. 74, 157 S. W. 745.

[2] Whether appellee Smith was entitled to recover anything of appellants on account of damages he suffered by reason of a decline in the market value of the oats, which the trial court found occurred, depended (1) on whether the time consumed by appellants in transporting the shipment to Longview was unreasonable time or not, and if it was (2) whether a decline in the market value of the oats occurred between the time same were delivered to appellee and the time they should have been delivered to him. The trial court did not find whether the time consumed by appellants in transporting the oats to Longview was unreasonable or not, and, if he had found it was unreasonable, his finding "that there was a decline in the market value of the oats of seven cents per bushel from May 3, to June 13, 1919," did not warrant the judgment so far as it was in appellee's favor for damages on that account. The oats were not delivered to appellants for transportation to Longview until June 1, 1917. Appellants were entitled to a reasonable time after that date in which to transport and deliver them to appellee at Longview, and they would be liable only for the depreciation in the market value of the oats, if any there was, between the time they should and the time they did so transport and deliver them.

The judgment will be reversed, and the cause will be remanded to the court below for a new trial.