**Ed STORMS, Appellant,**

v.

**Charles F. REID, Appellee.**

**No. 05–84–00634–CV.**

Court of Appeals of Texas, Dallas.

May 1, 1985.

Rehearing Denied June 3, 1985.

William Charles Bundren, Dallas, for appellant.

Paul R. Leake, Mesquite, for appellee.

Before CARVER, VANCE and MALONEY, JJ.

VANCE, Justice.

Ed Storms appeals from a judgment awarding him compensatory and punitive monetary damages for the conversion of his house, but denying him the return of the house itself. As we find no error, we affirm.

Storms placed a movable frame house on cement blocks on land owned by a third party. Upon discovering that utilities were not available to the property, Storms left the house on the land until it could be moved to a different location. Approximately two years later, appellee Charles Reid purchased the property without knowing that Storms owned the house. Reid subsequently spent around $18,000.00 on restoration and improvements to the house. Storms saw the restored house and demanded that Reid pay him for it. When Reid refused to do so, Storms filed suit for conversion.

In four points of error Storms contends that the trial court erred in awarding him monetary damages instead of the house itself. We disagree and overrule all four points of error.

Storms contends that, as the owner of converted property, he had the option to sue either for its specific recovery or for its market value. However, the cases upon which he relies all mention this point in dicta in the context of holding that a property owner cannot be forced to accept a tender of the converted goods by the wrongdoer where a money judgment was awarded against the wrongdoer. In *Woldert v. Nedderhut Packing & Provision Co.*, 18 Tex.Civ.App. 602, 46 S.W. 378 (1898, writ ref'd), a breach of contract action, the court stated, "while it may be true the plaintiff could have sued to recover the property or damages for its conversion ...," he chose instead to sue for the contract price of the goods. *Woldert* at 380. *Kelly v. R–F Finance Corp.*, 60 S.W.2d 1067 (Tex.Civ.App.—Fort Worth 1933, no writ) involved a foreclosure suit on a car loan. The court held that a foreclosure suit on the note was inconsistent with a private sale of the car, a remedy provided for in the note, and used the concept of election in a conversion suit to support this reasoning. In *Sibley v. Fitch*, 226 S.W.2d 885 (Tex.Civ.App.—Waco 1950, writ ref'd), the converter of an oil well casing appealed from a judgment awarding the plaintiff money damages. He argued that, because he had possession of the casing at the time of trial, the court should have awarded plaintiff the casing instead of the money. The court held that the defendant could not force the plaintiff to accept the return of the converted property because the plaintiff lost all interest in the casing when he

received the money judgment. In *Holland v. Lesesne*, 350 S.W.2d 859 (Tex.Civ.App.—San Antonio 1961, writ ref'd n.r.e.), a suit to recover damages for converted real property, the court noted that, although the plaintiff did have an election, the converter could not force him to take back the converted property. In *Horlock v. Horlock*, 614 S.W.2d 478 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ dism'd), in which the plaintiff-wife was awarded damages for her husband's conversion of her interest in community property corporate stock, the court held that the wife had elected to sue for damages and could not change that election by a trial amendment filed after the case was submitted to the jury.

Whether the plaintiff has an absolute right to elect to sue for the converted property was not at issue in any of these cases. This line of cases attempts to fully compensate the plaintiff by not forcing him to accept the defendant's tender of the converted property instead of money damages. Thus, Storms has cited no cases which are directly on point.

 Moreover, it would constitute unjust enrichment to award the house to Storms. The trial court assessed its fair market value at the time of conversion at $1,200.00. Reid spent $18,000.00 on it in improvements and restoration. In conversion cases, "compensation for the injury is the result to be obtained;" while the wrongdoer is not permitted to profit from his own wrong, the same rule should apply to the aggrieved party. *Minter v. Sparks*, 246 S.W.2d 954, 957 (Tex.Civ.App.—Dallas 1951, writ ref'd n.r.e.); *Kennann v. Deats*, 258 S.W.2d 145, 147 (Tex.Civ.App.—Amarillo 1953, writ ref'd n.r.e.). Storms would be unjustly enriched if we were to require the trial court to award him the improved house. He would receive a house worth $18,000.00 when he had only invested $1,200.00 in it. Further, Storms had virtually abandoned the house for two years. He only asserted his ownership interest after Reid spent $18,000.00 improving it. Also, there was no finding that the house was unique.

Although the *Woldert* line of cases apparently gives the plaintiff an election between suing for the return of the converted property or its fair market value, this election is subservient to the doctrine that the "object is to compensate for the injury" promulgated in *Minter v. Sparks* and *Kennann v. Deats*. In conversion cases, the trial court must be given the discretion required to fashion an equitable remedy. If allowing the plaintiff to elect to recover the converted property itself will over-compensate him for his injury, then the election must be taken away from the plaintiff. The trial court cannot be forced to order an inequitably large recovery at the plaintiff's option. Here, the trial court properly limited Storms' recovery to the fair market value of the house at the time and place of conversion.

The judgment is affirmed.

Affirmed.