## WICHITA VALLEY RAILWAY COMPANY v. W. O. PEERY.

### No. 312.

**Notice of Appeal—Practice in Court of Appeals.**

In the trial court notice of appeal was given, but was not entered upon the minutes.   The omission being known, time was allowed in the Court of Civil Appeals to perfect the record.   Motion to enter the notice nunc pro tunc was made in the trial court.   The motion was refused.   *Held:*

1.   The proper course for correcting the omission had been taken by the Court of Civil Appeals............................................... 382

2.   The act of the trial court in refusing the motion was, until set aside, a final judgment, conclusive upon the Court of Civil Appeals............ 382

3.   It would be useless for the Court of Civil Appeals to grant a certiorari, as a return to such writ would show want of jurisdiction, and the court would have no power to set aside the order refusing to correct the minutes ........................................ .................. 383

4.   It seems, that as result of such refusal the appellate court should not further delay action, but should dismiss the appeal..................... 383

QUESTIONS CERTIFIED from Court of Civil Appeals for Second District, in an appeal from Knox County.

*Bomar & Bomar*, for appellant.

*J. T. Montgomery*, for appellee.

GAINES, CHIEF JUSTICE.—In this case, the court of Civil Appeals for the Second Supreme Judicial District certify questions for our determination. The accompanying statement and questions are as follows:

"The record in this case was delivered to appellant's attorneys November 11, 1892, and was filed in this court December 7, 1892. It contained no evidence of notice of appeal having been given in the court below, and for that reason the cause was dismissed by us, on May 9, 1894.

"A motion for rehearing was filed by appellant, accompanied by certificates and affidavits, which showed that notice of appeal was in fact given and noted upon the judge's docket, but no entry to that effect was made upon the minutes of the court. This motion was refused by us, and upon writ of error to your court our action was reversed, and it was held, that we 'should have set aside the order of dismissal and granted a reasonable time to amend the minutes of the District Court and to perfect the record of their [our] own court,' citing your opinion in Western Union Telegraph Company v. O'Keefe.

"In this last case it was held, that while the course above indicated would be the more regular, yet our jurisdiction depended upon the fact that notice had been given in the court below, and not upon the fact that this appeared from the record, and that this jurisdictional fact could be made known to us outside of the record by ex parte affidavits.

"While this case was pending before your court upon writ of error, appellant filed in the court below a motion to correct the minutes of that court, and to have entered nunc pro tunc an order showing the notice of appeal. On October 30, 1894, the following judgment was entered upon that motion:

"'Be it remembered, that on this the 30th day of October, A. D. 1894, came on to be heard in the above entitled and numbered cause defendant's motion to enter nunc pro tunc defendant's exception and notice of appeal from the judgment of this court rendered on the 10th day of October, A. D. 1892, in favor of the plaintiff, W. O. Peery, and against the defendant, the Wichita Valley Railway Company, for the sum of $1250. Whereupon both parties appeared by their attorneys and announced ready for trial, and the defendant offered in evidence the entry on the motion docket of this court made at the October Term thereof, A. D. 1892, which entry is in words and figures as follows: "1 W, 5 D. Motion for new trial overruled, to which judgment defendant excepts and gives notice of appeal to the Second Supreme Judicial District of Texas." And the court, after hearing the argument of counsel, is of the opinion, that the law is against the motion, and it is therefore ordered, adjudged, and decreed, that the same be overruled; to which judgment of the court defendant excepts in open court, and gives notice of appeal to our Court of Civil Appeals, Second Supreme Judicial District, at Fort Worth, Texas.'

"On April 23, 1895, after this cause had been remanded to us by your court, appellant filed a paper indorsed, 'Second amended motion for certiorari,' as follows:

"'1. It adopts the original motion and amended motions herein to set aside judgment of dismissal, and for certiorari.

"'2. It alleges, that it made a motion in the District Court of Knox County, Texas, to enter the notice of appeal herein given nunc pro tunc upon the minutes of the District Court of Knox County; that W. O. Peery appeared by waiving service; that on October 30, 1894, said motion was heard by the lower court and said motion was denied, and a certified copy of the judgment denying said motion is hereto attached and made a part hereof (copied above); that it appears in said judgment that notice of appeal was actually given; that the judge of the lower court has certified that the notice of appeal was given, and will do so again, if necessary; that the facts concerning said notice of appeal are as alleged in the original motion for certiorari herein (and will be found correctly stated in the opinion heretofore rendered by your court); that notice of appeal was given from the order refusing to enter the notice of appeal upon the minutes of the lower court, but this appellant has not prosecuted an appeal, for the reason that it was not deemed a lawsuit in the proper sense, but could be determined by this court without filing an appeal bond and assignment of errors. Wherefore it prays for such relief as it is entitled to under the circumstances and facts of the case; and if the court should be of the opinion that it is necessary to prosecute an appeal or writ of error from said judgment refusing to enter nunc pro tunc upon the minutes of said court said notice of appeal, then it asks for time in which to do so.'

"On April 30, 1895, appellee filed a motion to dismiss the appeal, setting forth the previous proceedings had in your court and ours, and the refusal of the trial court to enter the order nunc pro tunc.

"On May 29, 1895, appellant filed a paper indorsed, 'Third amended motion for certiorari,' as follows:

"'1. It adopts the second amended motion of appellant herein throughout.

"'2. It adopts the certificate of W. R. McGill, the judge who tried this cause, attached hereto, marked Exhibit A.

"'3. It attaches hereto an affidavit make by J. E. Bomar herein, and marks it Exhibit B.

"'4. It prays, (1) that this court consider that proof has already been made by affidavits, etc., to the satisfaction of this court, and that it proceed to the trial of this cause without the necessity of a writ of certiorari; (2) if it is not entitled to such remedy by certiorari, then that it be permitted to reopen said judgment on the motion in the court below, and it now be permitted to either set said judgment aside or grant it relief, and the privilege of making another motion to enter said notice of appeal nunc pro tunc.'

"Exhibit A referred to in this motion:

" 'In District Court, Knox County, Texas.

" 'W. O. PEERY

" 'v.

" 'WICHITA VALLEY RAILWAY CO.

" 'On this May 28, 1895, W. R. McGill, district judge of the Fiftieth Judicial District, at request of defendant's counsel, makes this finding of fact and law on the motion of defendant to enter the notice of appeal originally made in this cause on the trial: I find, (1) that on the trial of the case notice of appeal was duly given and entered on the docket; (2) that same was overruled as to the motion to enter of record said order when same was presented to me, for some reason then satisfactory to me, but that same is not remembered by the court now; that I can not at this time see any reason why same should not have been entered.    " 'WM. McGILL, Judge Fiftieth District.'

"Exhibit B:

" 'In the Court of Civil Appeals in and for the Second Supreme Judicial District of Texas.

" 'WICHITA VALLEY RAILWAY CO.

" 'v.

" 'W. O. PEERY.

" 'Now comes the appellant, the Wichita Valley Railway Company, and by J. E. Bomar, its attorney, says, that he prepared the motion to enter notice of appeal in this cause nunc pro tunc on the minutes of the District Court of Knox County, a copy of said motion being attached to motion of appellee herein to dismiss; that he sent said motion to Stewart & Coombs, of Benjamin, Knox County, Texas, together with a waiver of service by Mr. W. O. Peery, and asked that Mr. Coombs, he being a lawyer, file same and obtain judgment thereon; that he has since been informed that Mr. Coombs was not there, and that his partner turned said motion over to one Morgan, and that said Morgan presented said motion; that the said J. E. Bomar would not have trusted said Morgan to manage said motion, had he have known that he was doing so; that no one informed said J. E. Bomar, or any one else representing the Wichita Valley Railway Company, that said Morgan was to represent them in said motion, and had they have learned that he was representing them, they would have proceeded at once to Knox County to have the same properly acted upon; that the said J. E. Bomar and Bomar & Bomar had confidence in Coombs, for the reason that they had known of him before, and he had just moved to Knox County; that after the trial of said motion, and after the adjournment of that term of court, the said Stewart wrote the firm of Bomar & Bomar, announcing that the motion had been presented and was overruled; that the said J. E. Bomar has recently talked to J. T. Montgomery about the reasons that said court overruled said motion, and that said J. T. Montgomery told him, that the argument that he made to the

court on the presentation of said motion was, that said court had no jurisdiction to enter same, and that the jurisdiction had passed to the appellate court, and that said cause had already been dismissed, and the court had refused a writ of certiorari. Wherefore said court had no jurisdiction.' [Signed and sworn to by J. E. Bomar.]

"This court finds as a fact from the evidence presented to it, that notice of appeal was in fact given by appellant in the court below and was noted by the judge upon his docket, but was not entered in the minutes of the court, as stated above.

"1. Should we, upon the facts here stated and found, take jurisdiction of this case and proceed with its determination upon the merits, notwithstanding the refusal of the trial judge to enter the order nunc pro tunc, showing the notice of appeal as stated above, and notwithstanding the failure of the transcript to show that notice of appeal was given, as required by article 1415, Revised Statutes?

"2. If question number 1 should be answered in the negative, then what order should be made upon appellant's second and third amended motions for certiorari, copied above?

"3. If question number 1 should be answered in the negative, what order should be made upon appellee's motion to dismiss this appeal?"

1. As indicated in the case of the Western Union Telegraph Company v. O'Keefe, referred to in the statement accompanying the certified questions, the appellant pursued the proper practice. It is true, as we there held, that the Court of Civil Appeals had the power to hear the evidence as to the fact of the notice having been given, and if the proof had been clear, it could properly have entertained jurisdiction of the case and proceeded to dispose of it upon its merits. In all cases of doubt the party should be remitted to the remedy of a motion in the trial court for a correction of the record. The difficulty which now confronts the appellant is, that it has sought that remedy, and a judgment has been rendered against it. The District Court had jurisdiction of the motion to amend its minutes and to cause an entry to be made nunc pro tunc, showing that notice of appeal had been given, although the appeal had been perfected and the cause thereby removed to the Court of Civil Appeals. Hickey v. Behrens, 75 Texas, 488; Marx v. Brown, 42 Texas, 111; Ramsey v. McCauley, 9 Texas, 106; Cowan v. Ross, 28 Texas, 227. Its judgment denying the motion, until set aside or reversed, is a final adjudication of the question, and is binding upon the appellate court. We therefore answer the first question in the negative.

2. We are of the opinion, that the second and third motions for certiorari should be overruled. To grant the motion for a certiorari, would be merely to bring before the court a record which would conclusively show that no notice of appeal had in fact been given; a certiorari would not better appellant's position. The alternative prayer of the motion, the Court of Civil Appeals is without authority to grant.

It has no power to revise or set aside an order of the trial court, except upon appeal or a writ of error.

3. In answer to the third question, we have to say, that we think the Court of Civil Appeals, following the decision of this court, has already extended indulgence to the appellant to the utmost verge of propriety, and that we are of opinion that the disposition of the cause should be no longer delayed. The appeal should be dismissed.

What remedy for a correction of the apparently erroneous ruling of the trial court in refusing its motion to amend, if any, the appellant could have made available, we do not undertake to determine. Whether it could have appealed or not, it is unnecessary for us to decide.

Delivered June 20, 1895.