## I. BAUM v. CORSICANA NATIONAL BANK.

Decided May 27, 1903.

**1.—Limitation—Assertion of Lien—Pleading.**

A petition of intervention by which a bank asserted an indebtedness secured by a mortgage on a stock of goods which had been sold under attachment proceedings. and prayed that the proceeds in the hands of the court be applied on its claim, was a sufficient allegation of its lien on such proceeds to stop the running of limitation against such claim of lien.

**2.—Assignment of Error.**

A complaint, in one assignment, of refusing to submit and of sustaining exceptions to issues presented by complainant as to res judicata, election of remedies, waiver of lien, and estoppel, do not present the questions in such manner as to require consideration; so, too, of complaint of refusal to sustain all of numerous special exceptions.

**3.—Harmless Error.**

Overruling exceptions to pleading because seeking a personal judgment where none was warranted, is not ground for reversal where the judgment finally rendered was not a personal one.

**4.—Repeating Instruction.**

Refusal of a requested instruction is no ground for reversal where the general charge properly covered the point.

**5.—Landlord and Tenant—Mortgage—Fraud.**

A landlord can not complain of a deed of trust by a tenant on goods on which he claims a lien as fraudulent; his lien being superior if valid, the fraud in the lien adversely claimed was immaterial.

**6.—Fraud—Evidence.**

On the issue of fraud in a claim against an insolvent assignor evidence that the claimant was privy to fraud in another claim than his own was admissible.

**7.—Judgment—Correcting Minutes in Vacation.**

The district court has the right in vacation to correct the minutes of the term so as to make them speak the truth as to the judgment actually rendered.

Appeal from the District Court of Navarro. Tried below before Hon. L. B. Cobb.

*Ballew & Wheeler, Frost, Neblett & Blanding,* and *Callicutt & Call,* for appellant.

*Simkins & Mays,* for appellee.

STREETMAN, ASSOCIATE JUSTICE.—The subject matter of this suit as it was finally tried was the sum of $2335, which was the proceeds of a certain stock of goods formerly belonging to the firm of N. Cahn. This firm was engaged in a mercantile business in Corsicana, and on October 24, 1896, being insolvent, executed to J. R. Goodman, as trustee, a deed of trust on their stock of merchandise. Certain indebtedness was preferred, namely: An attorney's fee of $500; the debt of the First National Bank of Corsicana of $1000; rent to I. Baum, amounting to about $2600, and the expenses of executing the trust. Sanger Bros.

were also named in said deed of trust, but their claim was not preferred. The trustee accepted and took charge of the property, and shortly thereafter Sanger Bros., refusing to accept under the deed of trust, brought suit against Cahn for an indebtedness of about $7000, and levied an attachment on the stock of goods. The goods were sold under the order made in this suit, as perishable property, for the sum of $3325, and the proceeds were deposited in court.

Prior to this time Baum, the landlord, sued out a distress warrant, which was levied on the property already in the hands of the sheriff under the attachment, and the writ being returned to the District Court, the two suits of Sanger and Baum against Cahn were consolidated.

On February 25, 1897, Sanger Bros. filed their first amended petition, complaining of I. Baum, William Croft, C. W. Croft, the First National Bank of Corsicana, the Corsicana National Bank, J. T. Sullivan & Co., and J. R. Goodman, alleging that said parties were setting up pretended liens on the proceeds of the sale of said stock of goods, and alleging that plaintiffs' lien was the only valid lien thereon, and asking for citation, etc.

On March 9, 1897, Croft & Croft, the First National Bank of Corsicana, the Corsicana National Bank, J. T. Sullivan & Co. and J. R. Goodman answered in said suit, alleging that the property upon which they had a lien had been converted and destroyed by Sanger Bros., and that said defendants, beneficiaries under said deed of trust, did not claim any lien and had no legal right to claim any lien upon the proceeds of said goods or sale of said property, but that J. R. Goodman had sued the sheriff of Navarro County, J. M. Weaver, for the conversion of said property, and that a separate and distinct suit at law was being prosecuted against said J. M. Weaver, and that said defendants were not proper or necessary parties, and should be dismissed.

On March 31, 1897, said defendants were dismissed from said suit.

On January 9, 1897, the trustee, Goodman, had entered suit in the District Court of Navarro County, Texas, against J. M. Weaver, sheriff of said county, for damages for the wrongful conversion of said stock of goods; the conversion alleged being the levy of the writ of attachment issued in the suit of Sanger Bros. v. Cahn.

On October 14, 1897, the consolidated case of Sanger Bros. v. Cahn and Baum v. Cahn was tried. Judgment was rendered in favor of Sanger Bros. against N. and A. Cahn for their full demand with foreclosure of attachment lien as against I. Baum. Judgment was rendered in favor of Baum against Cahn for the full amount of Baum's claim, but finding that the same was not for rent and did not constitute a lien upon the goods or the proceeds thereof, and by said judgment the clerk was ordered to pay over to Sanger Bros. the proceeds of said stock of goods then in court.

Baum appealed from this judgment, and the case was reversed and is reported in 49 S. W. Rep., 650.

In March, 1898, J. R. Goodman recovered a judgment against Weaver and his bondsmen, from which Weaver appealed, and judgment was reversed. 51 S. W. Rep., 860. Both of said causes having thus been reversed, on October 16, 1899, upon motion of Sanger Bros. all of said causes were consolidated.

On October 12, 1899, the Corsicana National Bank filed its first original petition of intervention in the suit of J. R. Goodman v. J. M. Weaver, alleging that N. Cahn had executed notes for $500 and $2650 respectively, dated August 17, 1895, and January 4, 1896, the first note payable on demand, and the second on May 1, 1896. It further alleged the execution of the deed of trust by Cahn to Goodman to secure said notes, among other indebtedness, and alleged the institution of the suit by Sanger Bros., the sale of the property under attachment, and the deposit of the proceeds in court.

- It is contended by appellant that the bank did not in this pleading assert any lien upon or interest in the proceeds of said goods. With this contention, however, we are unable to concur. After setting out all of the facts which would entitle the bank to a lien upon the proceeds of said goods, the petition concludes as follows: ·

"That the said goods levied on under the writ of attachment aforesaid have been sold under the order of this court, and the proceeds thereof paid into the hands of the honorable court, subject to the final result, and intervener prays that on final hearing it have judgment for its debt, interest and costs of suit, and that the proceeds of any judgment that may be recovered against Weaver and Sanger Bros. be applied, to the extent of such money, as a credit on the judgment herein to be rendered against the defendant N. Cahn, composing the firm of N. Cahn, together with a foreclosure of its mortgage lien thereon, and execution against the said N. Cahn and A. Cahn, individually, for the balance, if any, for costs of suit, and for all such other general relief as may be demanded in the premises."

The case thus consolidated was tried on December 8, 1899, and judgment was rendered in favor of I. Baum for the full amount of his claim against N. Cahn, with foreclosure of his landlord's lien upon the proceeds of said goods as against Sanger Bros. and for personal judgment against Sanger Bros. for the value of said goods. Judgment was further rendered that J. R. Goodman and the Corsicana National Bank take nothing in cause No. 4737, as against J. M. Weaver and Sanger Bros. upon their claim for damages. Upon appeal by the Corsicana National Bank, the judgment was reversed as between I. Baum and the Corsicana National Bank, and was remanded for the purpose of trying the issue between said parties, as to which was entitled to the proceeds of said stock of goods. 62 S. W. Rep., 812.

On October 30, 1901, after the case had been reversed, the Corsicana National Bank filed its first amended original petition, again alleging the execution of said notes and of the deed of trust, and reciting all of

the proceedings hereinbefore set out, and particularly alleging that the claim of I. Baum for rent was fraudulent, and asking for judgment foreclosing its mortgage lien upon the money then in court.

Baum filed certain exceptions to this pleading, which were overruled, and upon a trial of the case judgment was rendered in favor of the Corsicana National Bank foreclosing its lien upon the proceeds of said stock of goods. The judgment further proceeded to order Sanger Bros. to return to court said sum of money which had been paid to them under the original order in their suit against Cahn; and it further directed that if Sanger Bros. had paid said money to I. Baum, that said Baum return said money into court, and provided for the enforcement of said orders by the issuance of execution. Baum alone has appealed from this judgment.

The first, eighth and thirteenth assignments of error raise the question of limitation, it being contended that the Corsicana National Bank never asserted its right to foreclose a lien upon the proceeds of said goods until the filing of its first amended petition on the 1st of October, 1901. What we have already stated, however, disposes of these assignments. We think it is evident that this cause of action was asserted in the first original petition of intervention, filed on October 12, 1899, at which time the suit upon the notes and lien was not barred by limitation.

The second assignment of error is as follows: "The court erred in overruling and in refusing to sustain the special exception of I. Baum to the first amended petition of the bank filed October 30, 1901, setting up res adjudicata, election and estoppel."

The fourteenth assignment of error is as follows: "The court erred in refusing to submit the issue of election of remedies, waiver of lien, res adjudicata and estoppel to the jury, as raised in the pleadings of Baum, sustained by the evidence and requested by the special charges which were refused."

Appellee objects to the consideration of these assignments, because they are not in compliance with the rules prescribed by the Supreme Court. It will be observed that the second assignment undertakes to raise three distinct questions, viz., res adjudicata, election and estoppel; and the fourteenth assignment attempts to raise these questions, and the further question of a waiver of lien. We are clearly of the opinion that these assignments do not present the questions in such manner as to require a consideration by this court. Cammack v. Rogers, 96 Texas, 457.

The third assignment of error complains of the action of the court in refusing to sustain the exception of I. Baum to the prayer of the bank, asking for a personal judgment against said Baum. No personal judgment was rendered against Baum, except such judgment as would require him to return into court the proceeds of said stock of goods in case he had received the same from Sanger Bros., and the court having found that the appellee was entitled to the proceeds of said sale, we do not think that Baum is entitled to complain of this feature of the judgment.

The fifth assignment of error is as follows: "The court erred in refusing to sustain all of Baum's special demurrers set forth in the trial amendment." This assignment is too general.

The sixth assignment of error complains of the refusal of the court to give the special charge requested by Baum upon the burden of proof. In our opinion, the court's general charge upon the burden of proof was sufficient.

The seventh assignment of error complains of the action of the court in sustaining the exceptions of appellee to that portion of Baum's pleading setting up the fraud of the bank's claim. The pleading of Baum to which the exceptions were sustained in effect alleged that at the time the notes were executed to appellee an agreement was made between appellee and Cahn, that, in case of a failure, Cahn would execute a deed of trust preferring said indebtedness to appellee, and that said agreement was fraudulent and invalidated the deed of trust subsequently executed to J. R. Goodman, and which was set up as a lien in this suit.

Even if such an agreement would invalidate the deed of trust executed to Goodman for the benefit of appellee, yet we think that Baum would have no right to complain of said fact. If Baum's claim for rent was valid, then it was a superior lien to that asserted by the bank under the deed of trust. If, on the other hand, it was fraudulent, then Baum had no right whatever to the proceeds of the stock of goods. This being the case, we can not see that he could be prejudiced by any fraud existing between Cahn and appellee. The verdict of the jury establishes the fact that Baum's claim was fraudulent, and that he had no right whatever to the proceeds of said sale; and this being the case, it seems to us immaterial, as far as he is concerned, whether the transaction as between Cahn and the bank was fraudulent or not. Rilling v. Schultze, 67 S. W. Rep., 401.

The ninth assignment of error complains of the admission of evidence to show that the claim of the First National Bank for $1000 mentioned in the deed of trust to Goodman was fraudulent. This evidence was properly admitted. There were circumstances from which the jury might have inferred that Baum knew and participated in this fraudulent transaction, and it was a circumstance which the jury were entitled to consider in passing upon the character of Baum's claim for rent against Cahn.

With reference to the remaining assignments of error, all of which have been carefully considered by the court, we deem it sufficient to state that if there is any error in the judgment of the court it is not such as would entitle the appellant Baum to a reversal of the case. Sanger Bros. and Cahn have not appealed, and the jury, under proper instructions, having determined that the lien of appellee was valid, and that the claim of Baum to the proceeds of said stock was fraudulent, Baum certainly has no right to complain that the court has required said proceeds to be returned into court, in order that it may be subjected to the

claim of appellee. If Baum has acquired the possession of said property under orders which have been vacated on appeal, it is proper that he should be required to return said proceeds into court, in order that it may be properly disposed of.

After the judgment in this suit had been rendered, motions were made to strike out certain portions of the judgment, and certain orders were entered upon the minutes of the District Court of Navarro County, striking out certain portions of the judgment as rendered. After the adjournment of court appellee filed a motion to strike out said orders so entered from the minutes of the court. Having determined that said subsequent orders were entered upon the minutes without its authority, and that the judgment as originally entered was the judgment in fact rendered, the court granted the motion of appellee and struck out said subsequent orders from the record. The proceedings had upon this motion of appellee in vacation are embodied in a supplemental transcript filed in this court subsequent to the filing of the transcript by appellant, and appellant has filed a motion to strike out said supplemental transcript.

In our opinion, the court had the right in vacation to correct its minutes, so as to make them speak the truth as to the judgment actually rendered, and for this reason, the motion to strike out said supplemental transcript will be overruled.

Finding no error in the judgment, it is accordingly affirmed.

*Affirmed.*

Writ of error refused.