Appellant, W. G. Eustis, presents to this court an application for mandamus to require the judge of the district court trying this case to correct the record therein. It is alleged in the petition for mandamus that the records of the court below and as reproduced In the transcript in this case, now pending on appeal, incorrectly show the real date of the adjournment of the term of the court at which this case was tried and of the date of filing of the findings of facts and conclusions of law, prepared by the trial judge; that as a matter of fact said findings of fact and conclusions of law were filed more than ten days after the adjournment of said court, but said records incorrectly show that they were filed in such period of time; that appellant made application to the judge of said court to correct said minutes to show the truth, but upon hearing thereof the said judge refused to permit the introduction of any evidence in support of the same, and refused and overruled the application without hearing any evidence, to which action and judgment the petitioner excepted and tendered a bill of exception thereto, which the said judge refused to allow, and also refused to make out a bill of exception himself, stating that the judgment he rendered and had entered was all that was necessary and proper in said case. A certified copy of said application and of the order of the court overruling it is presented with the petition for mandamus. The said order is as follows:
"On this the 15th day of December, 1917, came on to be heard the motion of W. G. Eustis in cause No. 4166, to correct the record in said cause now on appeal, in the manner shown in said motion; and the court, after considering said motion, without hearing any evidence, overruled the same in all things, to which the said W. G. Eustis in open court excepted and gave notice of appeal to the Court of Civil Appeals," etc.
The application to the lower court to correct the record was the correct and only method of securing such action. Kimbell v. Powell,57 Tex. Civ. App. 57, 121 S.W. 542; Willis v. Smith, 90 Tex. 635,40 S.W. 401; Boggess v. Harris, 90 Tex. 476, 39 S.W. 565; Neville v. Miller, 171 S.W. 1111. The court below having entertained the application and overruled it, such action is conclusive until reversed or set aside. Wichita Valley Ry. Co. v. Perry, 88 Tex. 378, 31 S.W. 619; Harris v. Stark, 101 Tex. 587, 110 S.W. 737; Neville v. Miller, 171 S.W. 1111. In the first case cited, the Supreme Court said, with reference to such judgment of the lower court on a motion to correct the record:
"Its judgment denying the motion until set aside or reversed is a final adjudication of the question, and is binding upon the appellate court."
In the second case cited the Supreme Court said of such judgment:
"The judgment of the trial court was conclusive upon the Court of Civil Appeals except upon appeal or writ of error."
We have no doubt that if the lower court had refused to act on the application to correct the record this court would have the power by mandamus to require it to proceed to such action. We cannot, however, require *Page 118 
such court by such writ to enter any particular judgment on the application or control by such writ his rulings on the admissibility of evidence. In ruling on the application in this case the lower court has already done everything that this court has the power by mandamus to require it to do in such matter. In order for our action to avail the petitioner anything, we would either have to set aside ourselves the order of the lower court overruling the application to correct the record, or direct such court to do so and proceed to hear the application anew, permitting the introduction of the evidence offered by the petitioner thereon. This we cannot do on this application, for mandamus "will not be granted for the purpose of review, nor is it available as a substitute for an appeal or writ of error." Jefferson v. Scott, 135 S.W. 705, and authorities there cited; Wright v. Swayne, 104 Tex. 440, 140 S.W. 221, Ann.Cas. 1914B, 288. We are of the opinion therefore that the petition for writ of mandamus should be refused.
The petitioner requests us, in the event we refuse the application, to indicate what proceeding is proper to correct the alleged erroneous action of the trial judge, as set out in the petition. We do not think it our province to do this. We can only say that we do not think that mandamus is the appropriate remedy. The Supreme Court, in the case of Wichita Valley Railway Co. v. Peery, supra, said:
"What remedy for a correction of the apparently erroneous ruling of the trial court in refusing its motion to amend, if any, the appellant could have made available we do not undertake to determine."
HUFF, C.J., not sitting, being absent in Austin, with committee of judges passing on applications for writs of error.