LUTCHER et al. v. FULLER et al. (No. 290.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 22, 1918. Rehearing Denied Feb. 6, 1918.)

1. APPEAL AND ERROR ☞655(3)—STATEMENT OF FACTS—MOTION TO STRIKE.

Where the agreed statement of facts is not certified by the trial court as required by Rev. St. 1911, art. 1949, and it does not appear in the record that the facts stated are all the facts and the only facts upon which the judgment was rendered, a motion to strike the purported statement of facts will be granted.

2. APPEAL AND ERROR ☞643(2)—RECORD — AGREED STATEMENT.

Where an agreed statement of facts submitted to the trial court was stricken on appeal because not certified, no order by the trial court after expiration of the term at which the statement was submitted approving the same would be of efficacy, and a motion to reinstate "statement of facts" will be denied by the appellate court, in view of Rev. St. 1911, art. 1949, providing that the parties may submit a matter in controversy upon an agreed statement of facts, which statement so agreed to and signed and certified by the court to be correct and the judgment rendered thereon shall constitute the record of the cause.

3. APPEAL AND ERROR ☞907(3)—DEFECTIVE RECORD—AFFIRMING JUDGMENT—PRESUMPTION.

Where errors assigned cannot be reviewed in absence of statement of facts and there is no error apparent on the face of the record, a judgment which could be properly rendered upon the pleadings will be affirmed, in the absence of a statement of facts.

Brooke, J., dissenting.

Appeal from District Court, Newton County; W. R. Blackshear, Judge.

Suit by John S. Fuller and others against Mrs. Frances A. Lutcher and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Holland & Holland, of Orange, for appellants. Wightman & Hancock, of Newton, for appellees.

HIGHTOWER, Jr., C. J. This was a suit in trespass to try title brought by appellees against appellants to recover title and possession of an undivided one-half interest in a certain 100-acre tract of land, a part of the Elijah Fuller survey in Newton county. The cause was submitted to the trial court without a jury as an "agreed case" under article 1949 of the Revised Statutes of this state. The court's judgment was in favor of appellees for the land sued for, to which judgment appellants duly excepted, and have brought the case here for review.

After the appeal to this court was perfected and in due time under the rules, appellees filed a motion to strike out what purported to be the statement of facts upon which the trial court's judgment was rendered. The grounds of this motion were, substantially: (1) Because the purported agreed statement of facts was not signed and certified by the trial court as required by statute; and (2)

because it did not otherwise appear from the record that the purported agreed statement of facts were all the facts introduced in evidence below and upon which the judgment of the trial court was rendered.

On taking up this motion of appellees, we found in the record that which purports to be the agreed statement of facts, and which, after the style of the case, etc., is as follows:

"Now come the plaintiffs and defendants by their attorneys of record and file this statement as an agreed statement of facts, and agree that the same are all of the facts in this cause."

[1] Then follows, in separate paragraphs, a number of statements of fact, and then follows the signatures of counsel for the parties. This purported agreed statement of facts is nowhere signed or certified by the trial court, nor does it anywhere appear in the record that the facts stated in this agreement were all the facts and the only facts upon which the judgment of the trial court was rendered. This being found by this court to be true, we granted appellees' motion, and struck out this purported statement of facts. This purported statement of facts was filed in the trial court on March 30, 1917, as shown by the file mark of the clerk, and the judgment of the trial court in this cause was rendered on March 21, 1917, and the trial court for that term adjourned on March 24, 1917.

Subsequent to the order of this court striking out the statement of facts, as above stated, appellants filed with the clerk of the district court of Newton county, Tex., then in vacation, the following motion:

"John S. Fuller et al. v. Frances A. Lutcher et al. In the District Court of Newton County, Texas. Motion to Enter Order Nunc Pro Tunc. To the District Court of Said County: Come defendants in the above cause, and show to the court that this cause was submitted on an agreed statement of facts, which said statement of facts was filed herein on March 30, 1917, as shown by the indorsement of the clerk thereon; that said statement of facts was submitted to the trial court prior to the rendition of his judgment in this cause as the agreed statement of facts, duly signed by both counsel for plaintiffs and defendants, and was the only statement of facts in said cause, and the only statement of facts offered on the trial of said cause, and was considered by the trial court in arriving at his judgment entered in this cause, and the judgment of the trial court was based on said statement of facts so agreed to, and on no other evidence or facts of any kind or character. That before the rendition of said judgment, on, to wit, the 21st day of March, 1917, said agreed statement of facts was duly approved by the trial judge, and after its approval by him was considered by him as the facts, and all of the facts in said cause, upon which his judgment was rendered. That said statement of facts was filed with the clerk among the papers in said cause by counsel for plaintiffs. That the failure of the trial court to indorse his approval on said statement of facts in writing as of date on or prior to March 21, 1917, was an oversight, and said indorsement was not intentionally left off said statement of facts. That said statement of facts was in truth and in fact approved by the trial court on or prior to March

21, 1917, and the failure to indorse the approval of the trial court thereon was unintentional. That said statement of facts contains all the evidence introduced on the trial of said cause, and was in all respects a complete and full statement of facts on which the judgment was rendered in said cause. Defendants pray that the approval of the trial court be entered upon said statement of facts nunc pro tunc; that is, that the court approve the same now as of March 21, 1917, and that the record in this cause be now corrected to the extent of having the ·indorsement on said statement of facts of the approval of the trial judge as of date March 21, 1917. Defendants pray that said order be entered in vacation; that plaintiffs be duly notified of this motion, and that upon final hearing said order be fully and finally entered, and that said order be entered of record in the minutes of the district court of Newton county, and that said approval date as of March 21, 1917, in all respects and for all purposes."

This motion was duly signed by the attorneys for appellants, and duly sworn to. There was attached to this motion the following affidavit of W. R. Blackshear, who was the presiding judge of the district court of Newton county at the time of the trial of this cause, but who at the time of the affidavit had resigned that office, to wit:

"W. R. Blackshear, being duly sworn, says that on March 21, 1917, he was the duly qualified and acting district judge of Newton county; that he was the judge to whom said cause named in the foregoing motion was submitted; that he was the trial judge presiding at said trial; that the facts stated in the foregoing motion are, within his knowledge, true and correct. [Signed.]    W. R. Blackshear.

"Sworn to and subscribed before me by W. R. Blackshear, this 25th day of October, 1917. R. M. Prigmore, Notary Public, Tarrant County, Texas."

Notice of the filing of this motion and service of same on appellees was duly waived by the attorneys for appellees. After this motion had been filed by the clerk of the district court of Newton county, the same was presented to Hon. W. T. Davis, who was then the regular district judge of the district embracing Newton county, in chambers, at Orange, Tex., and at a time when the district court of Newton county was not in session, and Hon. W. T. Davis made the following order on said motion:

"John S. Fuller et al. v. Frances A. Lutcher et al. In the District Court of Newton County, Texas. Before me, W. T. Davis, judge of the district court of Newton county, in chambers at Orange, Tex., on this day came on to be heard the motion of the defendants, Frances A. Lutcher et al., to enter an order nunc pro tunc of approval by the trial judge of the agreed statement of facts filed in this cause on March 30, 1917, and, it appearing to me that notice of filing of said motion has been duly waived by the attorneys for plaintiffs, and that said motion is duly supported by accompanying affidavits, it is my opinion that said motion should be and the same is in all things granted. It is therefore ordered, adjudged, and decreed by the court that the agreed statement of facts filed in this cause on March 30, 1917, be and the same is hereby approved by the trial court as of date March 21, 1917, and that an order be entered on the minutes of this court approving said statement of facts as of said date as fully and to all intents and purposes as though said indorsement of approval had been duly placed thereon by the trial judge on said date, and that said statement of facts be considered for all purposes as duly approved by the trial court of date March 21, 1917, and the clerk of the district court of Newton county is hereby ordered to spread this order upon the minutes of said court in said cause.

"Done at Orange, Texas, this November 1, 1917. W. T. Davis, Judge District Court, Newton County."

After obtaining the above order of the Honorable W. T. Davis, appellants filed in this court what is termed a "Motion to File Supplemental Transcript and Reinstate Statement of Facts," which, after the style of the case, is as follows:

"Come appellants in the above-entitled cause and show to the court that heretofore in this cause in this court motion was made by appellees to strike out the statement of facts in this cause on the ground that the same did not have indorsed thereon the approval of the trial judge, and said motion was sustained by this court, and said statement of facts stricken out.

"Appellants show to the court that subsequently to the order striking out said statement of facts appellants have duly filed in the trial court a motion to indorse said approval of the trial judge on said statement of facts nunc pro tunc as of date March 21, 1917, and said motion, having been supported by the proper affidavits, was submitted to the trial court in vacation after notice to appellees, and that the trial court in due form of law entered an order on said motion, in all things granting the same and ordering said statement of facts to be approved as of date March 21, 1917, and that said statement of facts should be considered as fully approved of said date as fully and to all intents and purposes as though such indorsement of approval had been duly placed thereon by the trial court on said date, which said motion and order of the trial court is evidenced by a supplemental transcript, which is tendered herewith and made a part of this motion in verification of the statements herein contained.

"Appellants move the court now that an order be entered granting to appellants permission to file said supplemental transcript as a part of the record in this cause, and that this court enter an order considering said statement of facts as the proper and regular statement of facts in this cause duly approved and in form of law for all purposes."

This motion is duly signed by counsel for appellants. After due consideration of this motion by appellants, a majority of this court is of the opinion that we are compelled to overrule the same.

As stated in the beginning, this cause was submitted to the trial court as an "agreed case," under authority of article 1949, Revised Civil Statutes of this state, which article reads as follows:

"The parties may in any case submit the matter in controversy between them to the court upon an agreed statement of facts made out and signed by them or their counsel, and filed with the clerk, upon which judgment shall be rendered as in other cases; and, in such case, the statement so agreed to and signed and certified by the court to be correct, and the judgment rendered thereon, shall constitute the record of the cause."

[2] As stated above, the purported statement of facts in this case was not signed and certified by the trial court to be correct during the term at which the cause was tried, and, as held by us, it not appearing from the record otherwise that the purported

statement of facts embraced all the facts and no others upon which the trial court's judgment was rendered, this court struck out, upon motion of appellees, such purported statement of facts, and now the only question for determination by this court is whether this court would be authorized to consider as a statement of facts in this case that which purports to be such as shown by the supplemental transcript which appellants now pray permission to file and have considered by this court. In considering this matter, we have reached the conclusion that the contention made by appellants, to the effect that they were authorized and entitled to have said purported agreed statement of facts approved in the manner as attempted by them and as shown above, and to then file such statement and approval of the district court of Newton county in this court in the form of a supplemental transcript, and thereby authorize and compel the consideration of such statement by this court, cannot be sustained. We are of the opinion that article 1949 above referred to contemplates that where a controversy is submitted to the trial court as an "agreed case" under said article, the statement of facts so agreed to shall be signed and certified by the trial court to be correct, and that such certificate of the trial court must be made while such court is in session.

We are of the opinion that the case of Chickasha Milling Co. v. Crutcher, 141 S. W. 355, the opinion in which was written by the Texarkana Court of Civil Appeals, is practically decisive of the question now under consideration; and, the opinion of the court in that case being very full and the reasons for the conclusion reached being fully given, which we adopt, we content ourselves with a reference merely to that decision; and the motion of appellants to file the supplemental transcript for the purpose stated in the motion is overruled.

[3] There are several assignments of error contained in appellants' brief, but they are of such nature that none of them can be considered in the absence of a statement of facts upon which the trial court's judgment in this cause was based; and, since there is no statement of facts before this court, and since the judgment rendered by the trial court is one that could be properly rendered upon the pleadings, and there being no error in the judgment apparent on the face of the record before us, the trial court's judgment is in all things affirmed.

BROOKE, J. I regret very much to be compelled to dissent from the opinion this day handed down by my friend and Associate, Chief Justice HIGHTOWER, for whom I have a high opinion, both as a man and as a lawyer. However, constrained by a sense of duty, I feel that I should file my dissent in this matter, believing as I do that the statement of facts should have been permitted to be filed as a part of the record in this case.

This cause was tried in the court below on an agreed statement of facts, and on a former day of this court such agreed statement of facts was stricken out of the record on appeal, and upon motion of the appellees, based on the failure of such statement to have indorsed thereon the approval of the trial court. Subsequent to this action of the court in striking out the agreed statement of facts, appellants have presented in this court a supplemental transcript from the trial court, containing an application made by them in that court for an order of that court to enter the approval of the trial court upon said statement of facts nunc pro tunc as of date March 21, 1917, together with the supporting affidavits therefor, waiver of service by appellees thereof, and the order of the trial court granting the motion, and ordering such approval entered nunc pro tunc.

Accompanying this supplemental record is the motion of appellant for this court to fully consider for all purposes the agreed statement of facts in this cause. This motion is resisted by appellees. The agreed statement of facts, after clearly designating the cause in the trial court, reads:

"Now comes the plaintiffs and defendants by their attorneys of record and file this statement as an agreed statement of facts and agree that the same are all of the facts in this cause."

This is followed in due order by a recital of the various facts agreed upon, and the whole is duly signed by the record attorneys of the respective parties, and was filed in the cause during term time of the term of the trial court at which the judgment was rendered. The statement does not appear, from any indorsement thereon, to have had the approval of the trial court. The third ground of error contained in appellant's motion for new trial in the trial court is:

"The court erred in rendering judgment for the plaintiffs for the land sued for, because under the agreed statement of facts in this cause defendants were innocent purchasers for value of the property sued for, and entitled to recover as such."

This motion, filed in the trial court, was acted on and overruled in due season by that court.

While article 1293 of the Revised Civil Statutes requires the agreed statement to be used on appeal to be signed and certified by the court, such approval is not necessary where it otherwise appears from the record that the agreed statement contains all of the facts upon which the judgment of the trial court was based. Bomar v. West, 87 Tex. 300, 28 S. W. 519. It is only required that the appellate court be placed in possession, in some authorized manner, of all the material facts, which form the basis of the judgment appealed from. State v. Connor, 86 Tex. 136, 23 S. W. 1103. Under the rules governing district courts, the agreement signed by the attorneys in this cause and filed among the

papers, that the agreed statement contains all of the facts in this cause, becomes and is a part of the record. The agreed statement of facts, therefore, by agreement made in compliance with the rules of the trial court, and being a part of the record in this court, showing upon its face that it contains all of the facts in this cause, necessarily forms the basis of the judgment rendered and appealed from. I am of the opinion that the right to have the trial court, either in term time or in vacation, enter an order nunc pro tunc, giving to the agreed statement of facts the requisite evidence of its having been approved by the trial court in term time, and as forming the basis of the judgment appealed from, and that it is proper to file in this court a supplemental transcript of such proceedings. Baum v. Corsicana National Bank, 32 Tex. Civ. App. 531, 75, S. W. 866; Thompson v. Field, 164 S. W. 1116.

I do not believe there is merit in the contention of appellees that the trial court had no jurisdiction to enter an order nunc pro tunc after its term had adjourned, and while the cause is on appeal in this court, for the reason that I believe that every court has the right to judge of its own records, and where it satisfactorily appears to it that an order was actually made, it may at any time direct such order to be entered on the record as of the time it was made. The records of a preceding term may be amended by inserting what has been omitted, either by the act or oversight of the court or clerk, and, if so amended, such record stands as if it had never been defective. Burnett v. State, 14 Tex. 455, 65 Am. Dec. 131; Cowan v. Ross, 28 Tex. 227; Wichita Valley Ry. Co. v. Peery, 88 Tex. 382, 31 S. W. 619; Chestnutt v. Pollard, 77 Tex. 88, 13 S. W. 852.

The case of Chickasha Milling Co. v. Crutcher, 141 S. W. 356, deals with an ex parte certificate given by a trial judge after adjournment of the term of court, and at a time and under circumstances making his act of no more authenticity than that of any other individual. There is nothing in that case, in my opinion, in conflict with the views here expressed. In that case, there was an attempt to have the trial judge make an order long after his right to make same had expired, while in this case there was an attempt to have the trial judge make an order making the record speak the truth as to what actually happened during the term, and would have been shown by the record at the time but for an oversight on the part of the court. In this case there was an orderly proceeding by which the court corrects a record by a nunc pro tunc order, not one where an order is attempted to be made out of season and out of court. By reason of its continuing power over its record, the court has power to correct those records and make them speak the truth. The agreed statement of facts in this case was duly approved in term

time by the trial court, and formed the basis of the judgment appealed from, and the trial court, in my opinion, had the right, by reason of its control of its records, to have its records speak the truth, and to enter the order nunc pro tunc for that purpose. Blum v. Neilson, 59 Tex. 380; Hickey v. Behrens, 75 Tex. 495, 12 S. W. 679.

Therefore the agreed statement of facts in this case should, in my opinion, be considered by the court; and, inasmuch as the cause was affirmed by an order of this court, entered at this term, on account of the fact that no statement of facts was of record, I am of the opinion that the said supplemental transcript from the trial court should have been fully considered for all purposes in this cause.

In order that this court may have the entire proceedings before it in the consideration of this question, it will be, perhaps, necessary to incorporate the action had in the lower court with reference to having the order entered and granted, giving the appellant in the lower court permission to file said supplemental transcript as a part of the record in this cause, as follows, to wit:

"Come appellants in the above-entitled cause and show to the court that heretofore in this cause in this court motion was made by appellees to strike out the statement of facts in this cause on the ground that the same did not have indorsed thereon the approval of the trial judge, and said motion was sustained by this court and said statement of facts stricken out. Appellants show to the court that subsequently to the order striking out said statement of facts appellants have duly filed in the trial court a motion to indorse said approval of the trial judge on said statement of facts nunc pro tunc as of date March 21, 1917, and said motion, having been supported by the proper affidavits, was submitted to the trial court in vacation after notice to appellees, and that the said trial court in due form of law entered an order on said motion in all things, granting the same and ordering said statement of facts to be approved as of date March 21, 1917, and that said statement of facts should be considered as duly approved of said date as fully and to all intents and purposes as though such indorsement of approval had been duly placed thereon by the trial court on said date, which said motion and order of the trial court is evidenced by a supplemental transcript which is tendered herewith and made a part of this motion in verification of the statements herein contained. Appellants move the court now that an order be entered granting to appellants permission to file said supplemental transcript as a part of the record in this cause, and that this court enter an order considering said statement of facts as the proper and legal statement of facts in this cause, duly approved and in form of law for all purposes. Mr. John Hancock, who resides in Beaumont, Tex., is attorney of record for appellees. Holland & Holland, Attorneys for appellants, Frances A. Lutcher et al."

—and giving the action of the lower court in granting the motion to enter the order nunc pro tunc as follows:

"John S. Fuller et al. v. Frances A. Lutcher et al. In the District Court of Newton County, Texas. Motion to Enter Order Nunc Pro Tunc. To the District Court of Said County: Come defendants in the above cause, and show to the court that this cause was submitted on an agreed

statement of facts, which said statement of facts was filed herein on March 30, 1917, as shown by the indorsement of the clerk thereon; that said statement of facts was submitted to the trial court prior to the rendition of his judgment in this cause as the agreed statement of facts, duly signed by both counsel for plaintiffs and defendants, and was the only statement of facts in said cause, and the only statement of facts offered on the trial of said cause, and was considered by the trial court in arriving at his judgment entered in this cause, and the judgment of the trial court was based on said statement of facts so agreed to, and on no other evidence or facts of any kind or character. That before the rendition of said judgment, on, to wit, the 21st day of March, 1917, said agreed statement of facts was duly approved by the trial judge, and after its approval by him was considered by him as the facts and all of the facts in said case, upon which his judgment was rendered. That said statement of facts was filed with the clerk among the papers in said cause by counsel for plaintiffs; that the failure of the trial court to indorse his approval on said statement of facts in writing as of date on or prior to March 21, 1917, was an oversight, and said indorsement was not intentionally left off said statement of facts. That said statement of facts was in truth and in fact approved by the trial court on or prior to March 21, 1917, and the failure to indorse the approval of the court thereon was unintentional; that said statement of facts contains all the evidence introduced on the trial of said cause, and was in all respects a complete and full statement of facts on which the judgment was rendered in said cause. Defendants pray that the approval of the trial court be entered upon said statement of facts nunc pro tunc, that is, that the court approve the same now, as of March 21, 1917, and that the record in this cause be now corrected to the extent of having the indorsement on said statement of facts of the approval of the trial judge as of date March 21, 1917. Defendants pray that said order be entered in vacation; that plaintiffs be duly notified of this motion, and that upon final hearing said order be fully and finally entered, and that said order be entered of record in the minutes of the district court of Newton county; and that said approval date as of March 21, 1917, in all respects and for all purposes. Holland & Holland, Attorneys for Defendants.

"George E. Holland, being sworn, says that he is one of the attorneys for defendants in the above cause, and that the facts stated in the foregoing motion are, within his knowledge, true.
"Geo. E. Holland.

"Sworn to and subscribed before me, the undersigned authority, this the 30th day of October, 1917. J. E. Pattillo, Clk. Dist. Court, Orange County, Texas. [Seal.]

"W. R. Blackshear, being duly sworn, says that on March 21, 1917, he was the duly qualified and acting district judge of Newton county; that he was the judge to whom said cause named in the foregoing motion was submitted; that he was the trial judge presiding in said trial; that the facts stated in the foregoing motion are, within his knowledge, true and correct. W. R. Blackshear.

"Sworn to and subscribed before me by W. R. Blackshear, this 25th day of October, 1917. R. Y. Prigmore, Notary Public, Tarrant County, Texas. [Seal.]
"Oct. 11, 1917.

"We hereby waive service of notice of filing of this motion. Wightman & Hancock, Attys. for Appellees.

"Order on Motion.

"John S. Fuller et al. v. Frances A. Lutcher et al. In the District Court of Newton County.

Before me, W. T. Davis, judge of the district court of Newton county, in chambers at Orange, Texas, on this day came on to be heard the motion of the defendants Frances A. Lutcher et al. to enter an order nunc pro tunc of approval by the trial judge of the agreed statement of facts filed in this cause on March 30, 1917; and, it appearing to me that notice of the filing of said motion has been duly waived by the attorneys for plaintiff, and that said motion is duly supported by accompanying affidavits, it is my opinion that said motion should be and the same is in all things granted. It is therefore ordered, adjudged, and decreed by the court that the agreed statement of facts filed in this case on March 30, 1917, be and the same is hereby approved by the trial court as of date March 21, 1917, and that an order be entered on the minutes of this court, approving said statement of facts as of said date as fully and to all intents and purposes as though such indorsement of approval had been duly placed thereon by the trial judge on said date, and that said statement of facts be considered for all purposes as duly approved by the trial court of date March 21, 1917, and the clerk of the district court of Newton county is hereby ordered to spread this order upon the minutes of said court in said cause.

"Done at Orange, Texas, this November 1st, 1917. W. T. Davis, Judge District Court, Newton County.

"The State of Texas, County of Newton: I, J. E. Roush, district clerk in and for Newton county, Texas, do hereby certify that the above and foregoing is a true and correct copy of defendants' motion to enter order nunc pro tunc, together with the order of the court on said motion in cause No. 1478 John S. Fuller et al. v. Frances A. Lutcher et al., filed in my office on the 1st day of November, A. D. 1917.

"Witness my hand and seal of office this the 2d day of November, A. D. 1917. J. E. Roush, Clerk, District Court, Newton County, Texas."

In view of the premises, as I have said before, I am persuaded to believe that the majority of the court were in error in not considering the statement of facts, and therefore, I respectfully enter my dissent.