SLAUGHTER et al. v. SLAUGHTER. (No. 132.)

(Court of Civil Appeals of Texas. Eastland. Oct. 23, 1925.)

1. **Appeal and error ⊂⊃659(3), 715(2)—Certiorari to bring up judgment, affecting notice of appeal, unnecessary; notice of appeal may be shown by affidavit.**

Certiorari to bring up appeal judgment correcting former order, thus vacating judgment appearing in transcript showing notice of appeal will be denied as thrusting additional work on court, since appellate court would retain jurisdiction even though motion was granted, since affidavits of counsel were filed showing that notice of appeal was given.

2. **Appeal and error ⊂⊃909(1)—Presumed that minutes were signed in open court.**

It will be presumed on appeal, in absence of contrary showing, that court signed the minutes in open court.

3. **Appeal and error ⊂⊃509—Signing of minutes by trial court makes valid order recorded therein.**

Action of trial court in signing minutes, as required by law, makes order overruling motion for new trial, filed with clerk and recorded in minutes, valid, and enters of record notice of appeal, which had previously been given in open court.

Appeal from District Court, Palo Pinto County; J. B. Keith, Judge.

Action by W. B. Slaughter against C. C. Slaughter and others. Judgment for plaintiff, and defendants appeal. On motion for certiorari. Motion overruled.

Watson & Chapin, of San Antonio, for appellants.

Gresham, Willis & Freeman and John W. Pope, all of Dallas, for appellee.

PER CURIAM. This is a motion by appellee for certiorari. The object of the motion is to bring up a judgment of the district court of Palo Pinto county, Tex., made at its October term, A. D. 1925, correcting the order made at its April term, 1925, on May 29th, overruling appellants' motion for a new trial. The latter, as shown in the transcript in due form, overrules the motion for a new trial and shows proper exception and notice of appeal. The judgment rendered on the 12th day of October, A. D. 1925, sought to be brought up, recites that the judge of said district court heard the motion of defendants at Stephenville, Tex., on the 29th day of May, A. D. 1925, and signed the judgment dated May 29th, at said time and place, and delivered it and appellants' amended motion for a new trial to Mr. Lane, counsel for defendants at Stephenville, Tex., and that at said time said amended motion for new trial had not been filed. Following this recitation is the following order:

"It is, therefore, ordered by the court that said judgment overruling said amended motion for new trial be, and the same is, hereby amended so as to show when and where said amended motion for a new trial was presented to said trial judge in accordance with the foregoing findings of fact."

In connection with this motion, there appears in the record four affidavits from all the counsel in the case on both sides, show-

ing positively that, on the 13th day of May, A. D., 1925, the court rendered judgment for the plaintiff on the special verdict of the jury, and that, at the time said judgment was rendered by the court, appellants duly excepted thereto and then presented to the court orally the grounds of their motion for a new trial, with an agreement to reduce the same to writing, later, and that, after hearing said argument, the court announced that he would overrule said motion and, thereupon, in open court, appellants' counsel excepted to the court's action and gave notice of appeal. Appellee's counsel has filed an additional affidavit correcting statements made by him in his former affidavit, to the effect that notice of appeal was given in open court, but this last affidavit shows that both the court and said counsel for appellee were advised on said date last named that the case would be appealed, and that this was done in open court. If we should grant the motion and bring up the judgment of October 12, 1925, and should construe the same so as to vacate the judgment appearing in the transcript showing notice of appeal, then the record would be before us without notice of appeal, and the affidavits referred to would confer jurisdiction on this court under the decision of the Supreme Court in the case of Telegraph Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945. The authorities hold that no particular form of words is required in a notice of appeal, 3d C. J. Appeal and Error, § 1322, p. 1222; Dutton v. Norton, 1 White & W. Civ. Cas. Ct. App. § 357; but that the notice is sufficient if it reasonably shows that an appeal is intended. It has further been held that the notice need not state the court to which the appeal is returnable. Martin v. Rutherford (Tex. Civ. App.) 153 S. W. 156. Neither is it essential that the notice of appeal appear of record. Telegraph Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945.

[1] It thus appears that to grant this motion would not destroy this court's jurisdiction over the appeal, but that the record before us would still be sufficient to confer jurisdiction of the appeal in question.

[2, 3] It is doubtful whether the order sought to be brought up is sufficient to invalidate the notice of appeal as shown by the record. It does not in terms correct that part of the order of May 29th, which shows that notice of appeal was given in open court, but merely that part of the order of May 29th, to the effect that the motion for a new trial was heard in the district court at Palo Pinto. The action of the court in signing the order overruling the motion for a new trial, which order last named was shown to have been filed with the clerk in term time and recorded in the minutes, was sufficient to show the court's action on appellants' motion for a new trial and to enter of record the notice of appeal which had been previously given in open court. We must presume in the absence of a showing to the contrary that the court duly signed his minutes in open court, as required by law; his action in so doing would make the order overruling the motion for a new trial valid, though the same was signed by him at Stephenville, Tex., previously.

Appellee cites the case of Wichita Valley Railway Co. (Supreme) v. Peery, 88 Tex. 378, 31 S. W. 619. We think the holding of that case, instead of being in appellee's favor, is directly against it. In that case, the record was silent as to any notice of appeal. The appellants sought to confer jurisdiction by filing affidavits that notice was given. Later this course was abandoned and recourse was had to a motion to enter judgment nunc pro tunc showing that notice of appeal had been given. This motion was overruled by the trial court. The Supreme Court held that the motion for certiorari in that case should be denied because appellants, having had recourse to nunc pro tunc order which was denied, were precluded thereby and that a motion for certiorari should be denied because the granting of said motion would not better appellants' position. In this case, the appellee made a motion, on June 10th, to correct the order overruling appellants' motion for a new trial, and this motion was denied by the trial court from which no appeal or writ of error was prosecuted, nor has any attempt been made to review in this court the court's action in overruling the motion of June 10th. If, under the authorities of Neville v. Miller (Tex. Civ. App.) 171 S. W. 1111; Johnston v. Arrendale (Tex. Civ. App.) 71 S. W. 44; East Line & Red River R. Co. (Supreme) v. Culberson, 72 Tex. 375, 10 S. W. 706, 3 L. R. A. 567, 13 Am. St. Rep. 805, the trial court had authority in vacation to correct his minutes, then it would seem under the authority of Railway v. Peery, 88 Tex. 378, 31 S. W. 619, the appellee would be precluded by that order and could not at a later date have the same motion granted.

Believing that the granting of the motion for certiorari would only thrust upon this court additional work and labor and add to a very voluminous record in this case consisting of a statement of facts of 630 pages and transcript of 334 pages, with probably several hundred pages of briefs yet to come, without any tangible result, under the authority of Wichita Valley Railway Co. v. Peery, supra, the motion for certiorari is overruled.